**A. C. SMART and Harold Stringer, Administrator of the Estate of Earl Story, Appellants,**

**v.**

**John J. LLOYD, Appellee.**

**No. 7512.**

Court of Civil Appeals of Texas.

Texarkana.

Aug. 13, 1963.

Rehearing Denied Sept. 10, 1963.

Charles H. Clark: Lawrence & Lawrence, Tyler, for appellants.

Clapp & Beall, Henry L. McGee, Jr., Tyler, for appellee.

CHADICK, Chief Justice.

This is an appeal from an order granting a temporary injunction. The order is affirmed.

The appellant's brief referring to this appeal says, "The question before the court is whether the City Commission can act upon the zoning change without first having received a recommendation from the City Plan Commission". The narration of the facts will be restricted to those having relevancy to this question as far as practicable.

The owners of adjoining lots in the City of Tyler, Texas, filed a joint application with Tyler's City Plan Commission to amend Tyler's existing Master Zoning Ordinance to change the zoning of their two lots, 1–B and 2–B, Block 1010 South Broadway Addition, "from 'R–1a' Residential District to 'R–3' Apartment District * * *." The application was considered November 1, 1962, and was "tabled for further study until the next regular meeting * * *". The Minutes of a regular meeting of the Plan Commission held Dec. 6, 1962, shows that an application for an identical change upon property of the same description was considered. This extract from the Minutes of this latter meeting is quoted to show a slight change made in the course of the hearing respecting the property considered, action taken by the Plan Commission, and other relevant aspects of the business transacted at that time.

(Quote) "Mr. H. F. Ezell reiterated to the City Plan Commission statements made at a previous hearing and added that changes have been made in their plans in an attempt to eliminate the reasons for protest.

"Mr. Ezell requested that the application be reduced by 120 ft. on the east, extending from Colgate Avenue West, where he proposes to construct residences on the West side of Colgate Avenue to equal or exceed the homes in the vicinity, by doing so the number of apartments will be reduced by 25. He also stated * * *.

"Commissioner Caldwell moved that the application be rejected, since the change would result in spot zoning and this commission does not have the legal right to spot zone unless there is a public necessity for an apartment house in this location, and in his opinion no public necessity exists; further that in his opinion the zoning ordinance is so written that if the property is zoned for apartments a tourist court could be built under the same zoning classification; further that in the last 3 years there have been zoned 7 pieces of property for apartments and not one apartment has been built to date; further that land suitable and zoned for apartments is available all over Tyler at this time; further if applications of this nature are granted the City will be in a mess and courts could throw out the Zoning Board.

"The motion died for lack of a second.

"Commissioner Stringer disqualified himself from voting since he is the Administrator of the Estate of Earl Story, one of the applicants.

"Commissioner Leon Kent also disqualified himself from voting since he has a financial interest in a house in this area.

"Commissioner Burton requested of the Asst. City Attorney if a tourist court could be built in the same zoning classification as an apartment house, since the Zoning Ordinance states that a motel or hotel is classified as 'C–2' General Commercial District.

"Asst. City Attorney Henry L. McGee stated that there is some ques--

tion regarding the definition of a multiple dwelling as defined in the Zoning Ordinance.

"Commissioner Burton moved that the City Plan Commission recommend to the City Commission that the application be approved, since zoning for similar apartments was granted directly across South Broadway, and in view of the fact that Mr. Ezell has agreed to construct residences on the West side of Colgate Avenue.

"This motion died for lack of a second.

"Due to the lack of a second for either motion, Chairman Kay stated that the City Plan Commission has no recommendation to make to the City Commission on this application.

"The applicants then asked what steps they should take in order to get approval or rejection for their application.

"The City Plan Commissioners requested a written opinion from the City Attorney's office as to whether or not the Commission can take action on a zoning application without first receiving a recommendation from the City Plan Commission, and requested an opinion regarding the zoning classification of apartments and tourist courts."

The owner of one of the lots included in the application appeared before the Tyler City Commission the following day and advised the Commission of the zoning dilemma he considered himself to be in and thereafter discussed his problems with unidentified members of the Commission at various times prior to January 4, 1963. On the last mentioned date a regular session of the Tyler City Commission, by unanimous vote, enacted an amendment to the existing zoning ordinance, which changed the zoning designation applicable to the two lots, except 125 feet off the east end of each, from "R–1a" Residential District to "R–3" Apartment District.

The City Secretary, who serves also as Secretary of the City Plan Commission, testified that the customary method employed in reporting the Plan Commission's recommendations to the City Commission was to furnish the City Commission with the Plan Commission's Minutes. In this case Minutes of its meeting held December 6, 1962, were before the City Commission, having reached the City Commission in an undisclosed way, though it may be deduced from the evidence the customary procedure was followed.

The Minutes show clearly that the application was neither approved nor denied by a vote of the Commission. Just as clearly there is an absence of a recommendation of any nature by the Plan Commission to the City Commission. In the Minutes there is a notation of a request by the Plan Commission for a written legal opinion from the City Attorney respecting the scope of certain zoning designations including the designation under consideration, "R–3" Apartment District. The request coming at a time when the Plan Commission's non-action could have arisen from doubt as to the effect a change might have, subjects the minutes to a construction that the Plan Commission desired to have more accurate information on the use to which the lots might be put should the application be granted. Passing to other business after requesting the legal opinion suggests that the Plan Commission as a body intended to defer action on the application until the City Attorney's opinion was received. The notation in the Minutes that the Chairman stated the City Plan Commission "has no recommendation to make to the City Commission on this application; * * *" is merely the record of a remark expressing a personal opinion. The Minutes do not purport to express a concensus of the Plan Commission.

The trial judge properly construed the Minutes of the December 6th meeting as

showing that action on the application was intended to be deferred until a subsequent meeting, and that no recommendation disposing of the application was made by the Plan Commission to the City Commission. The statement in appellant's brief quoted in the second paragraph of this opinion impliedly admits the correctness of this conclusion.

The City Zoning Law, Acts 1927, 40th Leg. p. 424, Ch. 283, enables cities to pass zoning regulations, etc. The original Act, and amendments to it, are codified as Art. 1011a through 1011j, Vernon's Ann.Tex.Civ. St. The City Zoning Law, as amended, empowers the City Commission of Tyler, at its discretion, to exercise the authority conferred. The exercise of the authority is conditioned in several ways; prominent among the conditions is that contained in Art. 1011d (Sec. 4 of the original Act). This article required the City of Tyler to set out a procedure, in its comprehensive zoning ordinance, governing the process of amending the ordinance. In conformity with this statutory direction the City of Tyler enacted Sec. XXIII of its Master Zoning Ordinance which reads, in the part material to this lawsuit, as follows: "The City Commission of Tyler may, from time to time, amend, supplement, or change by ordinance the boundaries of districts or regulations herein established. Any proposed amendment, supplement, or change shall first be submitted to the City Plan Commission for its recommendation and report."

■ The power of the City to zone is that delegated to it by the state. See "Zoning" 10 Texas Jurisprudence Ten Year Supplement, p. 186, Secs. 3, 4, and 5. When the City of Tyler enacted its Comprehensive Zoning Ordinance, it exhausted its power to make changes in zone boundaries therein except in accordance with the procedure set out in the comprehensive ordinance. This construction of the City Zoning Law and Tyler's Master Zoning Ordinance is reached by either of two theories. First, in cases of this nature, upon the theory that when a statute directs that action be taken in a certain way it may be performed in no other manner. Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Oilmen's Reciprocal Ass'n, v. Franklin, 116 Tex. 59, 286 S.W. 195. The second theory, which is possibly a rendition of the first theory in different language, is that the Legislature having said by Art. 1011d that cities adopting a comprehensive Zoning ordinance must provide a procedure for the amendment of such ordinance, by implication directs that the city will follow the procedure it adopts.

■ Though no case precisely in point has come to the attention of this court, the elementary rule of statutory construction referred to is sufficient to dispose of the question presented. This court holds that the effort of January 4, 1963, by the City Commission to amend Tyler's Master Zoning Ordinance and change the existing zoning designation, without having first had a report and recommendation respecting the change from the City Plan Commission, is a nullity and of no effect.

The City of Tyler did not perfect an appeal. The order granting a temporary injunction as between A. C. Smart, Harold Stringer, Administrator of the Estate of Earl Story, deceased, the appellants herein, and John J. Lloyd, the appellee, is in all things affirmed.