John CONWAY et al., Appellants,

v.

The HOSPITAL CORPORATION OF AMERICA and the City of Longview, Texas, Appellees.

No. 8703.

Court of Civil Appeals of Texas, Texarkana.

Jan. 25, 1979.

Rehearing Denied Feb. 12, 1979.

Frank L. Supercinski, Longview, for appellants.

Robert M. Parker, Longview, for Hospital Corp.

Earl Roberts, Jr., Longview, for City.

HUTCHINSON, Justice.

This suit challenges the validity of an ordinance enacted by the City of Longview, Texas, changing the zone classification of a 10.3 acre tract of land from "SF-4" (Single Family Residential) and "A" (Agricultural) to "Planned Development—Hospital."

In 1968 the City of Longview adopted a Comprehensive Zoning Ordinance and accompanying master plan establishing zoning for the entire city and plans for future development. In 1970 a 186 acre tract of land of which the 10.3 acre tract in question is a part was annexed into the City and given a zoning designation of "A" except for a 100 foot strip on the west side of the

10.3 acre tract which was designated "SF–4." A short time thereafter a portion of the 186 acre tract was zoned to "Planned Development—Hospital" and attempts were made to secure the construction of a hospital on the rezoned portion. However, about two years later when efforts to secure the hospital were abandoned the land was placed back in its "A" zoning designation and remained in such category until the ordinance in controversy was enacted.

The application of the owners of the 186 acre tract of land and appellee, Hospital Corporation of America, to the Longview Planning and Zoning Commission for rezoning of the 10.3 acre tract to "Planned Development—Medical Center" was denied on April 18, 1978, and no other applications were filed with or hearings had before the Planning and Zoning Commission. On May 9, 1978, the Longview City Commission held a public hearing to consider the same request which was denied on April 18, 1978, by the Planning and Zoning Commission and on July 6, 1978, enacted Ordinance No. 1178 rezoning the subject lands from "A" and "SF–4" to "PD—Medical Center." Shortly thereafter this action was filed alleging Ordinance No. 1178 to be invalid for failure of the City to comply with the notice provisions of Tex.Rev.Civ.Stat.Ann. art. 1011d and upon hearing, the trial court so ruled and the appellees here agree that such was a correct ruling. However, after the notice defect was pled by appellants, the Longview City Commission on August 29, 1978, caused notice to be issued and published that a public hearing would be held on September 15, 1978, for the purpose of considering the zoning change for the 10.3 acre parcel of land. This hearing was held and was attended by appellants' attorney and other interested persons. Thereafter Ordinance No. 1211, which is identical in all respects to Ordinance No. 1178, was enacted and the pleadings in this cause amended to so reflect.

This cause was heard on October 2, 1978, and the trial court entered its judgment finding Ordinance No. 1178 to be void because of a defect in notice and upholding the validity of Ordinance No. 1211. Findings of fact and conclusions of law were filed at appellants' request.

Appellants and their attorney are residents of the City of Longview residing in a residential area to the south of the 10.3 acre tract of land.

■ Appellants' first four points of error attack the validity of Ordinance No. 1211 on the basis that it was never presented to the Planning and Zoning Commission, was passed without a hearing first being had before the Planning and Zoning Commission, and the Longview City Commission by its passage of Ordinance 1211 (replacing Ordinance No. 1178 under judicial attack) usurped and encroached upon the constitutional powers and functions of the judiciary. Appellants by their pleadings, briefs and arguments take the position that each ordinance as such must be first presented to and acted upon by the Planning and Zoning Commission. Neither Tex.Rev.Civ.Stat. Ann. art. 1011f nor the zoning ordinances of the City of Longview contain any such requirement nor is it contemplated that zoning or zoning changes originate with the Longview City Commission, given an ordinance number, and then referred to the Planning and Zoning Commission. It is undisputed that the application upon which Ordinance No. 1178 was based was properly before the Planning and Zoning Commission and the hearing and the action of the Commission thereon conformed with the controlling statutes and ordinances. It is further undisputed that the contents of Ordinance No. 1178 and Ordinance No. 1211 are identical in every respect. We can conceive of no logical reason why another hearing before the Planning and Zoning Commission should be required. Appellants cite the cases of *Smart v. Lloyd,* 370 S.W.2d 245, 248 (Tex.Civ.App. Texarkana 1963, no writ), and *Wallace v. Daniel,* 409 S.W.2d 184 (Tex. Civ.App. Tyler 1966, writ ref'd n. r. e.), as supporting their contentions. We do not disagree with either decision but do not find them to be determinative of the case before us. In *Smart,* supra, there was no recommendation of any type at any time from the

Planning and Zoning Board to the City Commission. In *Wallace*, supra, the application before the Planning Commission was for a change to C–1 classification and upon hearing the Planning Commission recommended to the City Commission a change to C–4 classification. The ordinance enacted pursuant to such recommendation was held to be invalid as a proper hearing before the Planning Commission had not been afforded, citing *Smart*, supra. Here the appellants were afforded a hearing before the Planning and Zoning Commission and received a favorable recommendation therefrom, and there are no provisions or requirements for a second or additional hearing. Delay of itself cannot form the basis for this Court to require another hearing before the Planning and Zoning Commission.

■ Appellants' contention that the City Commission was without power to enact Ordinance No. 1211 until such time as a final judgment voiding Ordinance No. 1178 had been entered is without merit. The legislative power of the City Commission cannot be stayed by the mere filing of a suit alleging the invalidity of an ordinance.

Appellants' further points of error assert that Ordinance No. 1211 is void because there was no change of conditions to justify its enactment; it was not passed pursuant to a comprehensive plan; it is unreasonable, capricious, arbitrary, oppressive and confiscatory; and is a clear abuse of municipal discretion. These contentions are briefed together and will be considered together. First, however, the applicable legal principles governing the determination of this controversy will be set forth in the language of the Texas judiciary.

*City of Waxahachie v. Watkins*, 154 Tex. 206, 275 S.W.2d 477 (1955):

"Since it is an exercise of the legislative power of the city's council, the ordinance must be presumed to be valid.

"The courts cannot interfere unless it appears that the ordinance represents a *clear abuse* of municipal discretion. And the 'extraordinary burden' rests on one attacking the ordinance 'to show that no conclusive, or even *controversial* or issuable, facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion confided to it.' . . .

"The presumption of validity accorded original comprehensive zoning applies as well to an amendatory ordinance. *Weaver v. Ham*, 149 Tex. 309, 232 S.W.2d 704. In either case the courts have no authority to interfere unless the change is clearly unreasonable and arbitrary. *Clesi v. Northwest Dallas Improvement Ass'n*, Tex.Civ.App., 263 S.W.2d 820, 827, error refused, N. R. E., . . .

"If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police power. . . . if the issue of validity is fairly debatable courts will not interfere.

.   .   .   .   .

". . . if there is an issuable fact as to whether the ordinance makes for the good of the community, the fact that it may be detrimental to some private interest is not material. *Edge v. City of Bellaire*, Tex.Civ.App., 200 S.W.2d 224, 227, error refused."

*City of Fort Worth v. Johnson*, 388 S.W.2d 400 (Tex.1964):

"The first ground is unsound because it fails to take cognizance of the rule, firmly established in this State, that a zoning ordinance, duly adopted pursuant to Arts. 1011a–1011k, is presumed to be valid, and the burden is on one seeking to prevent its enforcement, whether generally or as to particular property, to prove that the ordinance is arbitrary or unreasonable in that it bears no substantial relationship to the health, safety, morals or general welfare of the community. *City of Bellaire v. Lamkin*, 159 Tex. 141, 317 S.W.2d 43; *City of Waxahachie v. Watkins*, 154 Tex. 206, 275 S.W.2d 477; *Connor v. City of University Park*, Tex.Civ.App., 142

S.W.2d 706, writ refused. Adoption of a zoning ordinance by the governing body of a city represents the exercise of a delegated legislative discretion, and enforcement or non-enforcement of the ordinance is not a matter for judicial discretion. . . . If the evidence is conclusive that a zoning ordinance is arbitrary and unreasonable, generally or as to particular property, it is the duty of the courts to refuse to enforce it; but in the absence of such proof, it is the duty of the courts to enforce it."

*Baccus v. City of Dallas,* 450 S.W.2d 389 (Tex.Civ.App. Dallas 1970), writ ref'd n. r. e., 454 S.W.2d 391 (Tex.1970):

". . . A city ordinance is presumed to be valid. This presumption applies to amendatory zoning ordinances as well as an original comprehensive zoning ordinance. Courts should not interfere unless the amending ordinance is clearly unreasonable and arbitrary and represents a clear abuse of discretion. If the question is fairly debatable, courts will not interfere. The burden rests on one attacking an ordinance to show that no *conclusive* or even controversial facts or conditions exist which would authorize the Council to exercise the discretion confided to it. Whether attacking parties have met their burden is a question of law. If there is an issuable fact whether the ordinance makes for the good of the community, the fact that it may be detrimental to private interest is immaterial.

. . . . .

"Art. 1011e, Vernon's Ann.Civ.St. of Texas, authorizes changes in zoning ordinances from time to time. The statute does not by its terms require that there shall be a change in conditions since the enactment of the Comprehensive Zoning Ordinance. It has been held that such a change is not necessary if the rezoning ordinance bears a reasonable resemblance to the general welfare, to the orderly plan of zoning development and is not objectionable as constituting spot zoning. . . . ."

*Hunt v. City of San Antonio,* 462 S.W.2d 536 (Tex.1971):

". . . A city ordinance is presumed to be valid, and this presumption applies to amendatory zoning ordinances as well as original comprehensive zoning ordinances. In either case the courts have no authority to interfere unless the ordinance is unreasonable and arbitrary—a clear abuse of municipal discretion. If reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the city's policy (sic) power. An 'extraordinary burden' rests on one attacking the ordinance to show that no conclusive or even controversial issuable facts or conditions exist which would authorize the governing board of the municipality to exercise the discretion confided to it. This query presents a question of law, not a question of fact. *City of Waxahachie v. Watkins,* 154 Tex. 206, 275 S.W.2d 477 (1955). . . . ."

*Thompson v. City of Palestine,* 510 S.W.2d 579 (Tex.1974):

"At the outset it should be noted that this Court has consistently recognized that the adoption of a zoning ordinance by a city's governing body in accordance with Article 1011a et seq., is an exercise of its legislative discretion and therefore is presumed to be valid. *City of University Park v. Benners,* 485 S.W.2d 773 (Tex.1972); *Hunt v. City of San Antonio,* 462 S.W.2d 536 (Tex.1971); *City of Waxahachie v. Watkins,* 154 Tex. 206, 275 S.W.2d 477 (1955). We have also held that an 'extraordinary burden' rests on the party attacking the ordinance to show that no conclusive or even controversial issuable facts or conditions exist which would authorize the City Council to exercise the discretion confided to it, and that if reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or gener-

al welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the city's police power. . . ."

*McWhorter v. City of Winnsboro*, 525 S.W.2d 701 (Tex.Civ.App. Tyler 1975, writ ref'd n. r. e.):

". . . The determination of when the public interest does require an amendment of a zoning ordinance is within the legislative discretion of the municipality and if reasonable minds may differ as to whether or not the amendatory ordinance has substantial relation to the public health, safety, morals or general welfare, no clear abuse of discretion is shown, and the amendatory ordinance must stand as a valid exercise of the city's power. *Nichols v. Dallas*, 347 S.W.2d 326 (Tex.Civ.App. Dallas, 1961, writ ref'd., n. r. e.)."

The rezoned 10.3 acre tract of land is located north of Hollybrook Drive and west of North Fourth Street. North Fourth Street is a four-lane north-south street connecting Highway No. 80 to the south and U. S. Highway 259 (Loop 281) to the north and transverses the residential area of appellants and the 186 acre tract. Loop 281 borders the 186 acre tract on the north and east. Hollybrook Drive runs generally east and west and is the north boundary of the residential area and the south boundary of the 186 acre tract and the 10.3 acre tract. Hollybrook Drive connects with Loop 281 near the southeast corner of the 186 acre tract. The entire tract is undeveloped pine timber land. The rezoning ordinance sets forth conditions and restrictions for the use and development of the 10.3 acre tract, one of which is the maintenance of a 50 foot natural berm north of Hollybrook Drive and another providing for building setbacks of 200 feet from Hollybrook Drive and 300 feet from North Fourth Street.

From a review of the entire record before this Court it cannot be said that appellants have demonstrated that the amending ordinance is clearly unreasonable and arbitrary. Appellants have not met the "extraordinary burden" of showing that

there were no facts existing which would authorize the rezoning of the 10.3 acre tract.

The judgment of the trial court is affirmed.