BENTON *v.* PHILLIPS.

4-4067

Opinion delivered December 9, 1935.

*Ernest Briner,* for appellant.

*Sid J. Reid and Arthur C. Thomas,* for appellees.

HUMPHREYS, J. This suit was brought by appellees, who owned lots 8, 9 and 12 in block 7, in North Benton, in the city of Benton, Arkansas, against appellants to prevent them from interfering with the construction of an ice plant and other business buildings on said property under the provisions of ordinance No. 1, zoning this and other property as strictly residential property, which was passed by the city council on February 26, 1935, alleging that the ordinance was void for several reasons, among them the failure to comply with act 108 of 1929 of the Acts of Arkansas authorizing cities of the second class to pass zoning ordinances.

Appellants filed an answer to the complaint, denying the invalidity of the ordinance.

An intervention was filed by A. S. Henley and a number of the other property owners in the vicinity of said property, alleging that the construction of an ice plant on said property and the operation thereof would be a nuisance and result in irreparable damage to the inter-

veners in the enjoyment of their homes as well as the value thereof. A demurrer to the intervention was filed and overruled.

In the course of the trial, the appellants offered evidence to sustain the allegations contained in the intervention, which the court excluded. The record does not disclose whether an answer was filed to the intervention, so it is perhaps pending as an independent proceeding for further action by the court.

The court then proceeded to hear the case upon the sole issue of whether the ordinance was invalid, and found that it was, and rendered a decree restraining appellants from interfering with appellees in the erection and construction of said ice manufacturing plant and the peaceful enjoyment of their property, from which decree is this appeal.

The undisputed evidence shows that, in passing the zoning ordinance, the city of Benton failed to file the plan together with all maps, plats, charts and descriptive matter in the office of the city clerk and a certified copy thereof by the city clerk in the office of the recorder of Saline County.

The only authority cities of the second class have to pass zoning ordinances is that conferred upon them by act 108 of the Acts of 1929. Of course, in exercising this special authority, they must comply with the act in order to render their ordinances valid relative to zoning the city. Section 4 of said act reads as follows:

"The plan, and any amendment, change, addition to or alteration thereof, together with all maps, plats, charts and descriptive matter, shall be filed in the office of the city clerk, and a copy thereof, certified by the city clerk, shall be filed in the office of the recorder of the county in which the city is located."

The purpose of this provision was to give every one notice of the plan so that they might make suggestions and objections thereto as well as to acquaint every one purchasing lots with the use to which they might be put. In placing restrictions of this kind upon the use of real estate, notice was necessary and should have been given

in the manner prescribed in the act conferring the power to do so upon cities. It is necessarily a mandatory provision in the law, and must be followed in the passage of the zoning ordinance.

Having failed to comply with the act in the passage of the zoning ordinance, same is void, and the decree is correct, and must be and is affirmed.