CITY OF SEARCY *v.* ROBERSON.

5-539                                                         273 S. W. 2d 26

Opinion delivered December 6, 1954.

*Cul L. Pearce* and *J. E. Lightle, Jr.*, for appellant.

*Yingling & Yingling,* for appellee.

WARD, J.   On March 24, 1948, while Searcy, Arkansas, was a city of the second class, its City Council passed Ordinance No. 302 entitled "An Ordinance Establishing Residential Zones Within the City of Searcy, Arkansas: Regulating and restricting the construction, alteration, repair and addition of buildings therein, and for other purposes." Among other things the ordinance provided that, within the district outlined therein, it

would "be unlawful for any person, firm or corporation to construct, erect, alter, repair or make additions to any structure or building for business or commercial purposes. . . ." It also provided that if anyone made application to so construct or repair any building, notice thereof would be given for ten days in a local newspaper and the application or permit would be granted unless objections were filed with the City Recorder by residents in the immediate vicinity of the proposed building stating that the erection or repair of such building would decrease the value of property for residential, church or school purposes. After hearing, the City Council had the right to issue or refuse the issuance of the permit. The zoned district covered a large segment of the City.

On September 8, 1953, appellee, Bruce Roberson, applied to the City for a permit to construct a service station on his own property located within said zoning district. Objections were filed by appellants, Jenkins, *et al.*, and the City refused to issue the permit.

On December 11, 1953, appellee filed a complaint in Chancery Court against the City of Searcy alleging that the said ordinance was invalid because the City had no authority to enact the same, and that the City acted arbitrarily in refusing him a permit. The prayer was that the ordinance be declared invalid and that the City be restrained from interfering with the lawful use of his property. The City filed a demurrer to appellee's complaint and the same was overruled by the court, and the City was restrained. Previous thereto appellants, Jenkins, *et al.*, intervened, denying specifically the allegation of the complaint and alleging that they were the owners of property in the immediate vicinity of the proposed construction and that their property would be depreciated in value. Appellee demurred to this intervention, the same was sustained by the court, and the intervention was dismissed.

The City has appealed from the order of the court overruling its demurrer, and Jenkins, *et al.*, have appealed from the order of the court sustaining the demurrer to their intervention.

It is our conclusion that the ordinance in question is invalid because the City of Searcy had no authority to pass the same. We gather from appellants' brief that it is admitted that the only authority the City of Searcy had to pass Ordinance No. 302 comes either from (a) Act 108 of 1929, being Ark. Stats., § 19-2811, *et seq.*, or (b) from the general welfare statutes.

(a) Said Act 108 provides that cities of the first and second class shall have "the power to adopt and enforce a municipal plan for co-ordinated, adjusting and harmonious development of the municipality and its environs" by creating a City Planning Commission which shall make a comprehensive study of the conditions and the future growth of municipalities and submit a plan accompanied by maps, charts, etc., to be later adopted by the City. It appears from the record in this case, which includes a copy of the ordinance, that the provisions of said Act 108 were not complied with. This same situation was presented in the case of *City of Benton* v. *Phillips,* 191 Ark. 961, 88 S. W. 2d 828, where the court said:

"The undisputed evidence shows that, in passing the zoning ordinance, the city of Benton failed to file the plan together with all maps, plats, charts and descriptive matter in the office of the city clerk and a certified copy thereof by the city clerk in the office of the recorder of Saline County.

"The only authority cities of the second class have to pass zoning ordinances is that conferred upon them by act 108 of the Acts of 1929. Of course, in exercising this special authority, they must comply with the act in order to render their ordinances valid relative to zoning the city."

This case has not been overruled but has been cited with approval in *City of Little Rock* v. *Bentley,* 204 Ark. 727, 165 S. W. 2d 890.

(b) Likewise we do not find support for appellants' contention that the City of Searcy was authorized

to pass a zoning ordinance under the general welfare statute, meaning § 22, Act No. 1 of 1875. This § 22 appears as § 9543 in Pope's Digest and § 19-2401 of Ark. Stats., and gives municipal corporations the power to pass ordinances, "not inconsistent with the laws of the State," to carry into effect the *provisions* of said Act No. 1. The "provisions" mentioned above refer to § 13 of the said 1875 Act which confers the power to regulate the "building of houses," etc. Said § 13 was amended by Act 32 of 1887 (appearing in Pope's Digest as § 9619), which in turn was amended by Act 102 of 1939 (appearing now as Ark. Stats., § 19-2801). A comparison of the language in § 13 of the 1875 Act, with the language in the 1887 Act and the 1939 Act shows only slight changes and all relate to the kind of building to be erected or repaired.

This court has held that the general welfare clause, § 22 of the 1875 Act (Ark. Stats., § 19-2401), relied on here by appellants is limited by the powers granted to cities by Ark. Stats., § 19-2801, and does not grant cities of the second class power to pass zoning ordinances such as the one here under consideration. These various statutes were discussed in detail and the same conclusion reached in *City of Stuttgart* v. *Strait*, 212 Ark. 126, 205 S. W. 2d 35.

Having concluded that Ordinance No. 302 is void, it was not error for the Chancellor to overrule the City's demurrer to appellee's Answer, nor was it error to sustain appellee's demurrer to the intervention. The intervenors had no standing in court for the reason that neither appellee's complaint nor the intervention was based on Ark. Stats., § 19-2401 and § 19-2801 referred to above. In fact the record fails to disclose that the City of Searcy has ever passed any ordinance based on said sections.

Accordingly the decree of the Chancellor is affirmed.