## TAGGART & TAGGART SEED COMPANY, INC.
### *v.* The CITY OF AUGUSTA, Arkansas et al

82-227                                          647 S.W.2d 458

Supreme Court of Arkansas
Opinion delivered March 14, 1983

*Jim Petty* and *Joe Peacock,* for appellant.

*John D. Eldridge, III,* for appellees.

ROBERT H. DUDLEY, Justice. In 1963 the City Council of Augusta passed a comprehensive zoning ordinance. It provides that before the city council may act upon a proposed change in the boundary of a zoned area the matter must be submitted to the city planning commission. In 1982

the city council, by ordinance, extended the boundary of a zoned area even though the proposed change was never submitted to the planning commission. The boundary changes resulted in a zoning classification which prevented completion of a metal grain storage facility on appellant's property. Appellant filed suit in chancery court seeking to enjoin the city from enforcing the 1982 ordinance. While many issues are argued, the pivotal one is whether the city council may disregard the procedural requirements of its zoning ordinance and change a boundary without any preliminary action before the planning commission. The resolution of the issue turns on whether the procedural requirements of the comprehensive zoning ordinance are mandatory or discretionary. Jurisdiction is in this Court as the case involves the interpretation of a municipal ordinance. Rule 29 (1) (c). The chancellor upheld the 1982 ordinance amending the boundary. We reverse since the city did not substantially comply with the mandatory procedural provisions of the comprehensive zoning ordinance of 1963.

Before deciding this case we were faced with a difficult appellate procedural problem. While appellant makes a two and one-quarter page argument on the pivotal issue it does not give one citation of authority. In effect, we have been asked to research the law for appellant. In contrast, the appellee city has submitted an excellent brief.

In *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977) we stated that we will not perform research for an appellant unless it is apparent from the argument that the point is well taken. Here, it is clear that the appellees did not follow the procedure set out in its ordinance. After deliberation we have decided that justice requires our consideration of the issue.

Cities do not have the inherent authority to enact legislation. The validity of city ordinances depends on authority granted either by the Constitution or the General Assembly. *City of Little Rock* v. *Raines*, 241 Ark. 1071, 411 S.W.2d 486 (1967). In addition, at common law the property rights of the landowner included the right to occupy his land as he saw fit. In Arkansas the enabling authority for limiting that right by zoning is statutory. Ark. Stat. Ann. Title 19,

Chapter 28 (Repl. 1980). The enabling legislation which in general regulates exercise of zoning powers today is Act 186 of 1957. Wright, *Zoning Law in Arkansas: A Comparative Analysis,* 3 U. Ark. Little Rock L.J. 421 (1980). The 1957 Act, before a later amendment, required a complete review by a planning commission before the legislative body of the city took action to alter boundaries. There were no exceptions. However, the enabling legislation was amended in 1959 to authorize an alternative procedure to amend boundaries simply "by a vote of the city council." Ark. Stat. Ann. § 19-2830 (b) (Repl. 1980). It was after this 1959 alternative procedure had been statutorily authorized that Augusta, in 1963, adopted its comprehensive zoning ordinance. The ordinance adopted does not provide for the alternative method of amendment of boundaries, but, instead, provides for amendment only through the complete planning pro-cedure. That choice of procedures does not conflict with the enabling statute for it simply continues to authorize the more extensive planning procedure.

The doctrine of implied repeal applies to ordinances as well as statutes. *Helena* v. *Russwurm,* 188 Ark. 968, 68 S.W.2d 1009 (1934). However, the 1982 ordinance is not repugnant to the 1963 original zoning ordinance as the 1982 ordinance does not mention the failure to properly ad-minister the proposed zoning boundary change. Likewise, the 1982 ordinance does not contain any language indicat-ing an attempt to repeal, expressly or by implication, the administrative procedure set out in the original zoning ordinance. Thus, the original zoning ordinance providing for the extensive planning procedure is still in effect.

We have held that a failure to substantially comply with a procedural requirement of the enabling statute renders a zoning ordinance invalid. *Searcy* v. *Roberson,* 224 Ark. 344, 273 S.W.2d 26 (1954). Where referral to a planning commis-sion was statutorily required, we held the requirement to be mandatory. *City of Corning* v. *Watson,* 252 Ark. 1277, 482 S.W.2d 797 (1972).

A city is required to comply with the mandatory procedural rules of its own municipal ordinances. *Welch* v.

*Niagra Falls*, 210 App. Div. 170, 205 NYS 454 (1924); *Pima County* v. *Clapp*, 23 Ariz. App. 86, 530 P.2d 1119 (1975); *see* 1 R. Anderson, *American Law of Zoning*, §§ 4.03 & 4.04 (2d ed. 1976). To hold otherwise would encourage the arbitrary use of power which could result in discrimination in administration.

The issue then becomes whether the procedural requirements of the 1963 comprehensive zoning ordinance are mandatory or directory. The same principles for determining whether statutory provisions are mandatory or directory have been applied to determine the mandatory or directory import of city ordinances. 2A C.D. Sands *Sutherland Statutory Construction* § 57.13 (1973). In *Edwards* v. *Hall*, 30 Ark. 31, 37 (1875), we first adopted our principle that those things which are of the essence of the thing to be done are mandatory, while those not of the essence of the thing to be done are directory only.

Here, the essence of the comprehensive zoning ordinance is planning for the coordinated development of the municipality and its environs. In order to accomplish that objective the planning commission is to prepare plans for zoning, land use, streets and community facilities, make recommendations on development, prepare regulations, prepare ordinances for the city legislative body to pass to implement the plan, and generally to advise the city government. The ordinance was drafted so that the city legislative body could rely on the findings and recommendations of the planning commission. Upon adoption of the 1982 boundary change there was a total failure by the city to comply with the essence of the original zoning ordinance. Therefore, there was a failure to comply with the mandatory requirements of the comprehensive zoning ordinance where private property rights were involved. The attempt in 1982 to change the boundary without first complying with the mandatory procedural requirements of the comprehensive zoning ordinance was invalid.

Reversed.