The Honorable Patrick Henry Hays State Representative P.O. Box 5578 North Little Rock, AR 72119
Dear Representative Hays:
This is in response to your request for an opinion on whether a city of the first class with a mayor council form of government has the legal authority to enact any type of pension plan for its aldermen. In my opinion, the answer to your question is "no".
As you have noted, cities are creatures of the state, and therefore can only exercise that authority which is delegated to them by the state. Jones v. American Home Life Ins. Co., 293 Ark. 300,738 S.W.2d 387 (1987); Taggart Taggart Seed Co., Inc. v. City of Augusta 278 Ark. 570, 647 S.W.2d 458 (1983).
The state has granted cities the authority to establish a pension plan for its officers and employees under A.C.A. 24-12-101, et seq. That provision, however, applies only to the "mayor, city attorney, city treasurer, city clerk, [and] municipal judge." It does not apply to aldermen.[1]
Section 14-43-601 of the Arkansas Code delineates the scope of affairs over which a municipality has authority to legislate. Subsection (a)(1)(F), however, specifically exempts pension systems. The statute provides that pension systems are a state affair and subject to the general laws of the State of Arkansas. Thus, it must be concluded that in the absence of a state delegation of power, a municipality is without authority to enact a pension plan for its aldermen.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Additionally, aldermen are generally not eligible for membership in the Arkansas Public Employees Retirement System. See, A.C.A. 24-4-101(11), 24-4-301(c), and 24-4-507(2).