Danny SMITH et al. *v.* Henry GRAY, Director, Arkansas State Highway and Transportation Department, et al.

89-187                                                779 S.W.2d 173

Supreme Court of Arkansas
Opinion delivered November 13, 1989

*Everett & Gladwin*, by: *John C. Everett*, for appellant.

*Robert L. Wilson* and *Ted Goodloe*, Arkansas State Highway Commission, for appellee.

DARRELL HICKMAN, Justice. The trial court granted the Arkansas Highway Commission summary judgment, finding that it was discretionary whether the highway department had to dispose of surplus property. In this case it would keep 5.5 acres it no longer needed in connection with the Henderson Ferry in Baxter County. The trial judge's ruling overlooks several unresolved facts. The judgment is reversed and the matter remanded for further proceedings.

Emmett and Maggie Smith conveyed a 5.5 acre tract to the State Highway Commission under threat of condemnation in 1943 for $1,800. It was used in connection with the Henderson Ferry operation until 1983 when completion of a highway and bridge made the ferry operation obsolete. A local man, Earl Johnson, inquired if the land was for sale and, evidently, was sent

papers to begin the transfer process. Among the papers were forms to be signed by the original owner or heirs of the tract. Somehow the appellants became involved and in February of 1984, Gene Smith, the sole heir of Emmett and Maggie Smith, received a letter from Glendol Jackson, Chief of the Right of Way Division of the Arkansas Highway and Transportation Department, stating that since the ferry was discontinued the 5.54 acres of property

> is no longer used and is considered surplus to our needs. We are offering this property for sale and as the heir to the original owners . . . you have the option to repurchase the tract for the current fair market value.

> We are herein offering you the option to reacquire this tract at the current market value of $55,500.00 as determined by the Department's appraisers. If this option is not exercised within 60 days after this notice, the Commission will proceed to dispose of the property at public sale.

The letter referred to Ark. Code Ann. § 27-67-322 (1987) as its authority.

Gene Smith promptly responded that he would take the property, but his understanding of the statute was that surplus property could be reacquired by refunding the price originally paid for it. He said this 5.5 tract was the entire original parcel, and so he offered to repurchase it for $1,800.

Mr. Jackson replied that:

> The statute quoted [Ark. Code Ann. § 27-67-322] . . . states that "when an entire parcel is declared surplus, it may be reacquired by refunding the price for which it was acquired by the State Highway Commission." "May" is defined as being directory or permissive, rather than mandatory. Therefore the Department has . . . offered you the option to reacquire this tract at its current market value.

> If you do not elect to exercise your option within 60 days from February 27, 1984, the Commission will proceed to dispose of the property at public sale.

Gene Smith filed suit for declaratory judgment alleging that

the commission had declared the property surplus, had offered him the option of buying the property and, as an heir of the original owners, he had a right to reacquire it at its original price, not the current market value. The commission denied that it had declared it surplus property and that it had agreed to sell the property or authorize it sold. It did admit that Mr. Smith had made a demand that he be allowed to buy the tract, and that it was acquired from Emmett and Maggie Smith for $1,800.

In response to requests for admissions of fact and genuineness of documents, the highway department admitted that Glendol Jackson had the authority to execute the letters and they were genuine. There was also an interoffice memo dated October 12, 1983, requesting that a minute order be prepared so that the 5.5 acre tract could be released in accordance with Arkansas State Highway Commission procedures. The highway commission also admitted that the department did not initially follow the procedures required by Arkansas law by not offering the tract to the Smith heirs.

Three years after the appellants filed suit, the highway commission eventually filed a motion for summary judgment stating that the commission had decided not to declare the land surplus and attached a commission minute order dated January 8, 1987, to that effect. The appellants countered with an affidavit and argued that the Arkansas State Highway and Transportation Department had already declared the property surplus, offered it for sale and that there remained facts to be resolved. This was disputed by the highway commission. According to an affidavit signed by Danny Smith opposing the motion for summary judgment, Henry Gray, Director of the Arkansas State Highway and Transportation Department, acknowledged in his deposition that Glendol Jackson had the authority to execute the letters regarding the sale of the property and that a decision had been made to declare this property surplus and offer it for sale.

In its brief to the summary judgment motion, the highway commission argued Ark. Code Ann. § 27-67-322 is discretionary, and the highway department did not have to sell the surplus land. The trial judge simply granted summary judgment, finding the statute discretionary.

The trial court overlooked the basis of the appellants'

lawsuit, which is that the commission had already declared the land surplus, had offered to sell it, and that Smith wanted to buy it and claimed he had a right to do so. The only question to be resolved, they argue, is the meaning of Ark. Code Ann. § 27-67-322.

The appellants were given no opportunity to present their case that the commission had already made the decision and was bound by the acts of its agents and employees. *See Foote's Dixie Dandy, Inc.* v. *McHenry*, 270 Ark. 816, 607 S.W.2d 323 (1980). The party moving for summary judgment has the burden of proving that there are no genuine issues of fact remaining. All proof must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Scully* v. *Middleton*, 295 Ark. 603, 751 S.W.2d 5 (1988).

On appeal the commission argues that Ark. Code Ann. §§ 27-67-321 and 322 require a resolution by the commission before property is sold, regardless of the price; commission employees cannot make this decision. That was not the argument the commission made in its brief submitted with the motion for summary judgment. The appellees simply tried to shortcut the lawsuit. Remaining to be decided were several facts. Was the property declared surplus under Ark. Code Ann. § 27-67-321? Did the agents of the commission have the authority to take the action they did? Did the commission in fact approve this transaction? After deciding these facts, there remains the legal issue of whether the agents or employees of the commission did or can bind the Arkansas State Highway and Transportation Department in view of Ark. Code Ann. § 27-67-321. Or perhaps conceding that the agents did act with the commission's approval, could the commission change its mind before a resolution was actually passed?

Before granting summary judgment, the trial court should have determined there were no disputed facts. For these reasons, the judgment is reversed and the case remanded.

Reversed and remanded.