·M.N. OSBORNE, Agent, and Jerry A. King Ministries,
Inc. *v.* CITY OF CAMDEN

89-287                                                    784 S.W.2d 596

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*Mitchell, Williams, Selig & Tucker*, by: *W. Christopher Barrier*, for appellants.

*Bramblett & Pratt*, by: *James M. Pratt, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. M.N. Osborne purchased a 33,000 square foot building in Camden. After purchasing the property, he discovered that a zoning line traversed the building at an angle, leaving practically all of the building zoned "neighborhood commercial." Only a small part of the rear right of the building was zoned "light industrial." Osborne petitioned the City Planning Commission to zone all of the tract on which the building was located to "light industrial." The Commission denied his request. He then petitioned the Board of Directors of Camden to overturn the Commission's zoning decision. The Board affirmed the Commission's decision and denied appellant's rezoning petition. Osborne transferred the property to appellant Jerry King Ministries, Inc., but continued to seek rezoning, acting as King's agent in this action. Appellant filed suit in chancery court to enjoin the City from enforcing the zoning ordinance. The trial court upheld the ordinance. We affirm the result by the trial court, but for a reason different from the one given by the Chancellor.

Municipal zoning authority is conferred solely by State enabling legislation. *Taggart* v. *City of Augusta*, 278 Ark. 570, 647 S.W.2d 458 (1983). Failure to comply with a mandatory procedural requirement of the enabling statute renders a zoning ordinance invalid. *City of Searcy* v. *Roberson*, 224 Ark. 344, 273 S.W.2d 26 (1954). A zoning ordinance "shall consist of both a map and a text." Ark. Code Ann. § 14-56-416(a)(2) (1987). Compliance with this provision of the statute is mandatory, and failure to comply with it will render a zoning ordinance void. *City of Benton* v. *Phillips*, 191 Ark. 961, 88 S.W.2d 828 (1936); *City*

*of Searcy* v. *Roberson, supra.* The purpose of this provision is to give notice of the city's zoning proposal so that, before adoption, residents may object or make suggestions, and after adoption, land purchasers may acquaint themselves with the zoning restriction. *City of Benton* v. *Phillips, supra.*

■ In this case the zoning ordinance in dispute was the comprehensive zoning ordinance of 1977, which consisted only of a text. No map was approved by the City as the 1977 zoning map. A Camden official explained that the City was frugal. Sometime later a city planner drew a map which contained, he said, the boundaries which the City had intended. The Chancellor upheld this "working map" as being sufficient to validate the ordinance. The cases of *City of Benton* v. *Phillips, id.* and *City of Searcy* v. *Roberson, id.*, are squarely in point, and the ruling was in error. The 1977 comprehensive zoning ordinance was invalid because it did not contain a map.

The invalidity of the 1977 ordinance causes the City to fall back to its prior comprehensive zoning ordinance, the one of 1964. In 1964 the city officials were not so parsimonious. They employed the City Planning Division of the University of Arkansas to prepare a map and made it a part of the ordinance. However, this 1964 ordinance does not give appellant any zoning relief because the property was zoned at that time the same as it was in 1977. As could be expected, appellant argues that the 1964 ordinance is also invalid. The Chancellor did not rule on this argument. Rather than remand, and in order to end the controversy, we will decide the issue.

■ An appeal in a chancery case opens the whole case for review as if no decision had been made in the trial court. *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). "It has been the invariable practice of this court not to remand a case to a chancery court for further proceedings and proof where we can plainly see what the equities of the parties are, but rather to render such decree here as should have been rendered below." *Ferguson* v. *Green, id.* at 565. Accordingly, we turn to the question of whether the 1964 ordinance was valid.

Appellant contends that Ark. Code Ann. § 14-56-422(5) (1987) requires that both the text and the map of the 1964 ordinance be filed in the City Clerk's office. Evidence established

that the map was filed in the City's Planning and Code Enforcement Office, and not the City Clerk's office. Such a filing will not render the ordinance invalid.

The City Planner's office does not have an outside door, and entry into the office is through the City Clerk's office. When citizens went to the clerk's office and asked for a zoning map they were referred into the planning office. Thus, there was substantial compliance with the statute.

In reading this opinion, one may wonder why we invalidate one ordinance for failure to strictly comply with the statutory requirement to make a map part of the ordinance and, in the same opinion, uphold another ordinance on the basis of substantial compliance when the map is not filed precisely as directed by the enabling legislation. The reason is in one instance the statute is mandatory and in the other it is directory. As early as *Edwards* v. *Hall*, 30 Ark. 31, 37 (1875), we adopted the principle that those things which are of the essence of the thing to be done are mandatory, while those not of the essence are directory only. We have continued to follow that distinction. *Taggart* v. *City of Augusta*, 278 Ark. 570, 647 S.W.2d 458 (1983). In this case the existence of a map is the essence of the enabling statute and of the zoning ordinance, while the place a map is filed is not.

Additionally, the appellant argued below that the 1964 classification of appellant's property was a mistake, and it was arbitrary and capricious for the City not to correct the mistake. We quickly dispose of the argument because the alleged mistake was never presented to the City; it was only presented to the court. The City did not arbitrarily refuse to correct its mistake when its alleged mistake was not shown to it.

Affirmed.

HAYS and GLAZE, JJ., not participating.