The Honorable Tim Hutchinson State Representative P.O. Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion on the following questions concerning the planning and zoning authority of a city of the second class which has a planning commission:
 1. Does a city of the second class having a planning commission possess the authority to plan and zone land developments outside the city limits but within the city's territorial jurisdiction?
 2. If the answer to the first question is in the affirmative, how far beyond the corporate limits of the city does its extraterritorial jurisdiction to plan and zone extend for a city of the second class having a planning commission and with no connection to a navigable stream?
 3. Does the answer to the first question change if the area of land outside the city is being developed for commercial purposes rather than residential purposes?
It is my opinion that the answer to your first question is "no." A response to your second question is therefore unnecessary. The answer to your third question is also "no."
Arkansas Code of 1987 Annotated § 14-56-413(a) states that:
 [t]he territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits.
A.C.A. § 14-56-413(a)(1)(A) (Cum. Supp. 1991).
The question to be resolved is whether the city may plan andzone within its five mile territorial jurisdiction under §14-56-413(a). This question requires a review of the legislative history of several related Code sections.
Prior to 1987, A.C.A. § 14-56-302[1] stated:
 (a) No city of the first or second class nor any incorporated town shall fix or prescribe, or attempt to fix or prescribe, directly or indirectly, any zoning control or zoning authority over the use of lands lying outside the corporate limits of the city or town.
 (b) The provisions of this section shall not prevent a city or town from exercising the zoning jurisdiction granted cities and towns under the authority of § 14-56-413 with respect to territory lying along a navigable stream for a distance within five (5) miles of the corporate limits, in either direction, and for a distance within five (5) miles of the corporate limits, in either direction, and for a distance of two (2) miles laterally from the thread of the stream.
 (c) The purpose of this section is to make clear that cities and towns do not have zoning power or zoning jurisdiction outside their corporate limits, except to the extent recognized in subsection (b) of this section and that neither §§ 14-56-401 — 14-56-408, 14-56-410 — 14-56-425, nor any other legislation granting municipal planning powers to cities and towns shall ever be construed to have granted to cities or towns any authority, directly or indirectly, to establish or enforce zoning laws.
The Code section referenced above in § 14-56-302(b) ("§ 14-56-413") stated, prior to 1987:
 Planning commissions in cities of the first and second class situated on navigable streams shall have planning and zoning jurisdiction over the territory lying along the stream for a distance within five (5) miles of the corporate limits, in either direction, and for a distance within two (2) miles laterally from the thread of the stream. [Emphasis added.]
A.C.A. § 14-56-413(a)(2) (1987).
Section 14-56-413 was subsequently amended, in 1987 and 1989, and your first question arises, I assume, from the 1987 amendment.[2] Act 56 of 1987 extended the land use authority of cities with populations of 8,000 or more that are located on navigable streams. See A.C.A. §14-56-413(a)(2)(A)(i)-(iii) (Cum. Supp. 1991). The jurisdictional area in which such cities may administer and enforce planning and zoning ordinances now extends for "one
(1) mile beyond the corporate limits" in those with populations of 8,000 to 50,000, "two (2) miles beyond the corporate limits" in those with a 50,000 to 150,000 population, and for "three (3) miles beyond the corporate limits" in such cities of 150,000 or over. Id. The act also stated that it does not restrict the powers of any city currently exercising the authority authorized under A.C.A. § 14-56-413(a)(2) (1987), supra. See Acts 1987, No. 56, § 4; A.C.A. § 14-56-413(a)(2)(C) (Cum. Supp. 1991). And Section 2 of the act repealed Act 379 of 1969, codified at A.C.A. § 14-56-302 (1987), supra.
This latter provision, as cited above, stated that cities have no zoning power or jurisdiction outside their corporate limits, except as provided in § 14-56-413 (as it existed in 1987). The question thus arises whether the legislature intended, through the 1987 repeal of this provision, to permit cities to zone outside their corporate limits.
One might contend that in the absence of Section 14-56-302, Section 14-56-413(a)(1)(A) should be construed as vesting cities with zoning power in the "territorial jurisdiction" which extends for five miles beyond the corporate limits. It must be recognized, however, that municipal zoning authority is conferred solely by state enabling legislation. See Osborne v. City ofCamden, 301 Ark. 420, 784 S.W.2d 596 (1990), citing Taggartv. City of Augusta, 278 Ark. 570, 647 S.W.2d 458 (1983). Arkansas Code sections addressed specifically to the zoning authority of municipalities make reference to "[o]ptions of thecity" and "the entire area of the municipality." A.C.A. §14-56-301 (regarding general zoning authority; emphasis added); and § 14-56-416(a)(1) (regarding the zoning ordinance; emphasis added). By way of contrast, a "planning area map" is prepared for the "territorial jurisdiction." See A.C.A. §§ 14-56-412 and14-56-417. As recognized by the Arkansas Supreme Court, the land-use plan is not a zoning ordinance. Economy Wholesale Co.,Inc. v. Rodgers, 232 Ark. 835, 430 S.W.2d 583 (1960). The court in Rodgers stated: "[The land-use plan] is merely a broad declaration of policy, specifying in a general way the uses to which the land in and near the city is now being put and to which it may be put in the future." 232 Ark. at 838.
This apparent distinction between the "city" and its "territorial jurisdiction" for, respectively, zoning and planning indicates that the legislature did not intend to confer zoning authority under § 14-56-413(a)(1)(A), which states that the "territorial jurisdiction" of the city shall include all land lying within five miles of the corporate limits. Section 14-56-413(a)(1)(A) states that the "territorial jurisdiction" of the city shall "for the purpose of this subchapter" include land within the five mile area. While it must be noted that "this subchapter," i.e., Subchapter 4 of Chapter 56 of Title 14, includes a provision governing the zoning ordinance (see § 14-56-416), the subchapter is directed primarily toward the planning process.
It must also be noted that if § 14-56-413(a)(1)(A) (Cum. Supp.) is construed to confer planning and zoning authority within the five-mile territorial jurisdiction, this would mean that all cities with planning commissions have such authority, with the exception of cities having populations of 8,000 or more that are situated on navigable streams. The zoning power of these cities would be limited to either one, two, or three miles, depending upon their population. A review of Act 56 of 1987 indicates, however, that the legislature viewed this act as a necessaryexpansion of the land use authority of these cities. Section 5 of Act 56 stated:
 [I]t is hereby found and determined by the General Assembly that Arkansas cities of 8,000 or more population along navigable streams must have the authority to plan and control for orderly growth outside their corporate limits to preserve the quality of life for all citizens.
While Act 56 does expand the authority of these cities by extending the specified distance (according to population) "beyond the corporate limits," rather than limiting their authority to "the territory lying along the stream," as previously authorized, the need for this expansion would, it seems, be unnecessary if subsection (a)(1)(A) extends all cities' zoning power to an area five miles beyond the corporate limits. I do not believe, however, that the legislature considered subsection (a)(2) of § 14-56-413 as a limitation on the zoning power of these cities, as opposed to those not situated on navigable streams. Section 14-56-413(a)(1)(A) forms the only arguable basis for the exercise of zoning power outside the corporate limits of a city not situated on a navigable stream. As indicated, however, it is my opinion that this provision does not confer such power. Having found no separate authority for zoning within the territorial jurisdiction, I must conclude that notwithstanding the repeal of § 14-56-302, cities other than those with populations of 8,000 or more and situated on navigable streams have the authority to plan, but not zone, outside the city limits.
Because your second question is premised upon an affirmative response to the first, it is rendered moot. With regard to your third question, I have found no basis for concluding that this zoning authority would exist for commercial, as opposed to residential purposes. It is therefore my opinion that the answer to your third question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 14-56-302 was repealed in 1987. See discussion,infra.
[2] The 1989 amendment (Act 94 of 1989) added a provision applicable to cities over 150,000 situated on a navigable stream, which prohibits such cities from exercising any zoning authority outside the boundaries of their counties without the approval of the other county's quorum court and the approval of all other cities having zoning authority over the area. A.C.A. §14-56-413(a)(2)(A)(iii)(b) (Cum. Supp. 1991).