Glenn P. BROOKS *v.* CITY OF BENTON

91-177                                      826 S.W.2d 259

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*John I. Purtle*, for appellants.

*George D. Ellis*, for appellees.

DAVID NEWBERN, Justice. This is a zoning case having to do with allegations that an ordinance of the City of Benton was enacted improperly and is thus invalid. The Chancellor awarded summary judgment in favor of the City's assertion that its Zoning Code was properly adopted. We reverse the decision because a genuine issue of material fact remained to be decided. Ark. R. Civ. P. 56(c)

The appellants, who will be referred to collectively as "Citizens," are Glenn P. Brooks, Melvin Congleton, John Bob Parks, Cecil Red, and Troy Wright. They, individually and as members of an unincorporated association, Citizens for Better Government, petitioned for declaratory judgment and injunctive relief in the Chancery Court. They asserted the City had enacted Ordinance 8 of 1989, which purported to rezone certain property, without proper notice and without attaching a zoning map as required by Ark. Code Ann. § 14-56-416(a)(2) (1987).

The City moved for summary judgment, appending affidavits from the Mayor, City Clerk, a Metroplan staff member, and the Director of Community Development. The affidavits asserted the Ordinance was enacted according to law. Citizens responded with a motion for summary judgment with affidavits asserting various defects in the procedure by which Ordinance 8 was adopted.

The appendix to Citizens' brief does not contain a copy of the Chancellor's order and thus violates our former Temporary Rule 9 pursuant to which it was filed. That Rule, however, unlike our current abstracting Rule, permitted us to observe the Chancellor's order in the record. In the circumstances of this case, we choose to do so. The order is simplicity itself. There is no statement of factual findings or conclusions of law, and no basis is stated for the ruling.

Citizens' notice of appeal referred both to the granting of the City's motion for summary judgment and the denial of Citizens' motion. However, Citizens have stated and argued only one point of appeal, *i.e.*, that the Chancellor erred in granting summary judgment to the City.

## 1. Summary Judgment

When summary judgment is requested, the moving party has the burden of showing there are no genuine issues of material fact remaining. Rule 56(c); *Smith* v. *Gray*, 300 Ark. 401, 779 S.W.2d 173 (1989). On appeal, the evidence is viewed most favorably to the party resisting the motion, all doubts and inferences being resolved against the moving party. *Rickenbacker* v. *Wal-Mart Stores, Inc.*, 302 Ark. 119, 788 S.W.2d 474 (1990).

### a. The map

The primary unresolved fact dispute in this case concerns the zoning map which is attached to the regulation titled, "City of Benton, Arkansas, Zoning Regulation," adopted by Ordinance 8 on March 27, 1989.

Ordinance 8 is entitled:

AN ORDINANCE ADOPTING THE ZONING REG-ULATIONS FOR THE CITY OF BENTON, ARKAN-SAS, BY REFERENCE RELATING TO: AUTHOR-ITY, JURISDICTION AND PURPOSE; DEFINITIONS; ADMINISTRATIVE PROCEDURE AND ENFORCEMENT; GENERAL PROVISIONS; ESTABLISHMENT OF DISTRICTS; DISTRICT REGULATIONS; OFF-STREET PARKING AND LOADING FACILITIES; MOBILE HOMES; SPE-

CIAL PROVISIONS.

Affidavits presented by Citizens from each of the individual plaintiffs stated no map was attached to the Ordinance, read with the Ordinance, or introduced at the combined hearing and board meeting at which Ordinance 8 was adopted. The legend imprinted on the zoning map now accompanying the Ordinance states it was prepared by Metroplan on March 22, 1989, just five days prior to the passage of the Ordinance.

The City's response included the minutes of the March 27 Board meeting along with affidavits of Charles Randel, Metroplan staff member; Rodney Larsen, Mayor; Buddy Burrow, Community Development Director; and Margaret Ramsey, City Clerk. There is nothing in the City's evidence which contradicts the assertions raised by Citizens.

The minutes of the meeting do not mention a map attached to the Ordinance or any discussion of a map displayed with the Ordinance. The affidavit of Buddy Burrow states the zoning map "has been on continuous display in city hall from and after its adoption on March 27, 1989," but does not say the map was on display at the hearing and meeting when Ordinance 8 was adopted.

Charles Randel states that "prior to the enactment of Ordinance 8 of 1989, the text of the ordinance, accompanying regulations adopted in conjunction therewith, and the zoning map, were discussed and debated in detail over several sessions of the Benton Planning Commission." He says the Planning Commission held a public hearing on the regulations on February 27, 1989, and adopted them on March 9, 1989, but his affidavit does not indicate that the regulations to which the map was ultimately attached were presented at the March 27 meeting of the City Board. Randel further asserts that Chapter V of the regulations "makes reference to, and authorizes filing and display of, the 'Zoning Map, City of Benton, Arkansas' " and suggests that that part of the text of the regulation constitutes the "map" required by law, but there is no indication that this text was presented or attached to the Ordinance discussed and adopted at the meeting.

Cities have no inherent authority to enact legislation. That authority is dependent upon the Constitution and the

General Assembly. *City of Fordyce* v. *Vaughn*, 300 Ark. 554, 781 S.W.2d 6 (1989). Municipal zoning authority is conferred solely by state enabling legislation. *Taggart* v. *City of Augusta*, 278 Ark. 570, 647 S.W.2d 458 (1983). Failure to comply with mandatory procedural requirements of the enabling statute renders a zoning ordinance invalid. *City of Searcy* v. *Roberson*, 224 Ark. 344, 273 S.W.2d 26 (1954). A zoning ordinance "shall consist of both a map and a text." § 14-56-416(a)(2). Compliance is mandatory, and failure renders a zoning ordinance void. *City of Benton* v. *Phillips*, 191 Ark. 961, 88 S.W.2d 828 (1936).

■ The purpose of the map requirement is to give notice of a zoning proposal so that, before adoption, residents may object or make suggestions, and after adoption, land purchasers and users may acquaint themselves with the zoning restrictions. *Osborne* v. *City of Camden*, 301 Ark. 420, 784 S.W.2d 596 (1990).

The City's burden in seeking summary judgment before the Chancellor, was to show no issues of fact remained. *Smith* v. *Gray, supra*. The availability of the map at the meeting on March 27 was a disputed question of fact, and contrary to the assertions of the City on appeal, it is a material fact. It was their burden to present evidence in support of their motion to show that the map was presented along with the text of Ordinance 8.

■ As we resolve inferences in favor of the party resisting the motion, we conclude that Citizens presented evidence showing there was no map presented with the Ordinance, and the City contended the contrary. A genuine issue of fact remains to be decided.

### b. Adoption by reference

The City argues the presence or absence of the zoning map at the meeting at which the Ordinance was passed was not material because the map was attached to the body of the regulation which was adopted by reference. This argument hinges on an alternative procedure for promulgating zoning ordinances set out in Ark. Code Ann. §§ 14-55-206 and 207 (1987) in relevant part as follows:

14-55-206. Publishing or posting requirements.

(a)(1)(A)  All bylaws or ordinances of a general or

permanent nature and all those imposing any fine, penalty, or forfeiture shall be published in some newspaper of general circulation in the corporation.

\* \* \*

(b)    As to ordinances establishing rules and regulations for zoning, construction of buildings, . . . , where such rules and regulations have been printed as a code in book form, the code or provisions thereof may be published by the municipality by reference to title of the code without further publication or posting thereof. However, not less than three (3) copies of the code shall be filed for use and examination by the public in the office of the city clerk or recorder of the municipality subsequent to the adoption thereof.

\* \* \*

§ 14-55-207: Adoption of technical codes by reference.

(a)    Every municipality in the State of Arkansas is authorized by the passage of a municipal ordinance to adopt by reference technical codes, regulations, or standards, without setting forth the provisions of the code or parts thereof, if three (3) copies of the code, or the pertinent parts thereof, and any related documents are filed in the office of the clerk of the municipality for inspection and view by the public prior to passage of the ordinance.

(b)    The term "technical codes" shall include any building, zoning, health, electrical, or plumbing codes, and the term "regulations" shall include any criminal code of the State of Arkansas.

(c)    It shall be the duty of the municipality to give a notice to the public, by publication in a paper of general circulation within the municipality, stating that copies of the code, or the pertinent parts thereof, and the related documents are open to public examination prior to the passage of the ordinance adopting the code.

A municipality thus may pass by ordinance a comprehensive zoning code by reference to the title of that code only. The law

requires that the code be in book form and the book with relevant related materials be available to the public prior to the passage of the ordinance adopting the code.

The Planning Commission for the city held a public hearing on the regulations. Notice was issued by the Planning Commission and presumably published prior to the meeting (the record does not establish when it was published). It reads as follows:

> The City of Benton will hold a Public Hearing at 6:00 p.m. on February 27th, 1989, prior to the Council Meeting at the Tyndall Park's Recreational Building for the purpose of discussing the proposed new preliminary Zoning Ordinance.

■ Clearly there is not a statement that copies of a regulation or an ordinance and related documents (particularly the disputed map) are available for public examination. This notice does not comply with the statutory procedure by informing the public of the availability of the regulations prior to the passage of the Ordinance. As there is no evidence of compliance with the Statute, we cannot sustain the allegation that the Ordinance was validly adopted on the basis of that notice.

There was another publication on March 10, 1989, initiated by the Director of Community Services which provided:

> The Benton City Council, at their regular scheduled meeting of 3/27/89, 7:00 p.m. will address the issue of adopting, by reference, an Ordinance regulating Zoning within the City of Benton, Ar. Copies of this regulation titled, "City of Benton, Arkansas, Zoning Regulation" and related maps, are available for public examination at the office of the City Clerk, City Hall, 222 W. South St., Benton, Ar.

■ The legend on the map shows it was adopted by the Planning Commission on March 17, 1989, but the printed portion of the legend shows the map was created on March 22, 1989; a curious conflict. If the latter date is correct, the map now appended to the Ordinance could not have been available for public examination until March 22. The map was the most vital piece of information for anyone to see to determine the proposed zoning. The City suggests there may have been "working maps"

on file with the City Clerk prior to the action of the planning Commission's adoption of the regulation, but there is no suggestion that the final form of the map was there. No property owner could have been advised of the ultimate proposed status of property by any other than the final map proposal. In *Osborne* v. *City of Camden, supra*, we made it clear that the "working map" concept was insufficient for notice to the citizenry.

While the Statute does not state a time "prior to the passage of the ordinance adopting the code" during which the proposed zoning map must be available, it must be available a reasonable length of time. The purpose of the publication requirement is identical to that of the requirement of a map in § 14-56-416(a)(2), that is, to give notice of the city's zoning proposal so that, before adoption, residents may object or make suggestions.

To permit a municipality to avoid public scrutiny by making the most definite piece of information in the code available only at the last minute and then adopting the code without offering that information to the public would defeat the legislative purpose of the notice requirements.

If the disputed map, as stated on its printed legend, did not exist when notice was published on March 10, that notice did not comply with the statutory requirement for adoption of a zoning code by reference. Even if notice had been given properly that the map was available March 22, the five-day period before adoption would not have given the citizens a reasonable time to observe it. The City was not entitled to summary judgment on the basis of having adopted Ordinance 8 by reference pursuant to §§ 14-55-206 and 14-55-207.

Given the factual dispute over whether the map was presented with Ordinance 8 for adoption, a disputed genuine issue of material fact remains to be resolved in determining whether the City complied with § 14-55-416.

Reversed and remanded.