# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  11-3191

_____

Jason B. Aamodt; Maria B. Aamodt,

      Plaintiffs - Appellants,

v.

The City of Norfork, Arkansas,

      Defendant - Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Arkansas.

_____

Submitted:  February 8, 2012
Filed: June 25, 2012

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Jason B. Aamodt and Maria B. Aamodt sued the City of Norfork, Arkansas, to enjoin the application of a 2008 zoning ordinance.  They also requested records under the Arkansas Freedom of Information Act.  The district court[1] granted summary judgment to the City.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

This court reviews de novo a grant of summary judgment. ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Viewing the facts most favorably to the nonmoving party with the benefit of all reasonable inferences, summary judgment should be granted when the record shows no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. ***Southeast Mo. Hosp. v. C.R. Bard, Inc.***, 642 F.3d 608, 611-12 (8th Cir. 2011).

I.

The Aamodts challenge a 2008 ordinance prohibiting the short-term rental of their property. This ordinance was not filed with the County Recorder (unlike other City zoning ordinances), but was filed with the City clerk. The Aamodts claim this violates the City's 1995 zoning ordinance, which states:

> Article 06.01.03 Legislative Body Authority
> . . . .
> (B) Procedures for amendments
> After adoption of plans and ordinances and regulations, and proper filing in the offices of the Recorder and the Recorder of the Deeds of Baxter County, no alteration, amendment, extension, abridgment, or discontinuance of the plans or ordinance may be made except in conformance with the above procedure, or by a majority vote of the council. [Arkansas Statute 19-28301].

The citation to "Arkansas Statute 19-28301" apparently refers to Arkansas Stat. 19-2830(b) (Repl. 1985), which is now Arkansas Code § 14-56-423 (1987):

> After adoption of plans, ordinances, and regulations and proper filing in the offices of city clerk and county recorder, no alteration, amendment, extension, abridgement, or discontinuance of the plans, ordinances, or regulations may be made except in conformance with the procedure prescribed in § 14-56-422, or by a majority vote of the city council.

The City's article 06.01.03(B) mirrors Arkansas Code § 14-56-423. The Arkansas Supreme Court has held that § 14-56-423 authorizes a city council to change a zoning ordinance with only a "majority vote of the city council," without following the procedure for adopting the original zoning plan. *City of Russellville v. Banner Real Estate*, 933 S.W.2d 803, 805 (Ark. 1996). The Arkansas Supreme Court's interpretation of the statute is binding in this diversity case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). The Arkansas Supreme Court would interpret the City's ordinance using the same principles it applied to the statute. *Taggart & Taggart Seed Co. v. City of Augusta,* 647 S.W.2d 458, 459 (Ark. 1983). It is undisputed that the City passed the 2008 ordinance by a majority vote. The 2008 ordinance is valid.

The dissenting opinion relies on another subsection of the 1995 zoning ordinance—article 06.01.03(A)—which requires that a zoning *plan* be filed with the County Recorder. In a case involving the parallel state statute, however, the Arkansas Supreme Court held that an *amendment* to a zoning plan, like the one in this case, requires only a "majority vote of the city council." *City of Russellville*, 933 S.W.2d at 805. An amendment does not require compliance with the procedures in the zoning plan subsection.[2] *Id.*

II.

On appeal, the Aamodts assert that the 2008 ordinance is invalid because it does not contain a map. First, their complaint makes no such claim, and the district court did not rule on it. *See Cole v. UAW*, 533 F.3d 932, 936 (8th Cir. 2008); *Barham v. Reliance Standard Life Ins.*, 441 F.3d 581, 584 (8th Cir. 2006). At any rate, the authority they cite applies only to a "comprehensive zoning ordinance" affecting the

---

[2]The dissenting opinion also raises issues of equity and practicality, which are best left to the state legislature and the city council.

-3-

"entire area of the municipality." *See* **Osborne v. City of Camden**, 784 S.W.2d 596, 597 (Ark. 1990)*, and* **Craft v. City of Fort Smith**, 984 S.W.2d 22, 25-26 (Ark. 1998), *interpreting* **Ark. Code Ann. § 14-56-416 (1987)**. The 2008 ordinance was not a comprehensive ordinance affecting the entire area of the City.

On appeal, the Aamodts also argue that the district court interpreted the AFOIA in violation of the Privileges and Immunities Clause of the United States Constitution. *Compare* **Lee v. Minner**, 458 F.3d 194, 201 (3d Cir. 2006) (the citizens-only scope of the Delaware FOIA violates the Privileges and Immunities Clause), *with* **McBurney v. Young**, 667 F.3d 454, 467 (4th Cir. 2012) (the citizens-only scope of the Virginia FOIA does not violate the Privileges and Immunities Clause).

In their complaint, the Aamodts requested "compliance with the Arkansas freedom [sic] of Information Act," and that "the defendant immediately produce all the documents requested in compliance with the Arkansas Freedom of Information Act." The complaint, in its AFOIA claim, does not refer in any way to the Constitution. The district court also did not mention the Constitution in interpreting the AFOIA and ruling that the Aamodts lacked standing.

Because the Aamodts did not assert this constitutional claim in the district court, they cannot raise it on appeal. **United States v. White Plume**, 447 F.3d 1067, 1074 (8th Cir. 2006); **Kosulandich v. Survival Tech., Inc**., 997 F.2d 431, 433 (8th Cir. 1993).

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

-4-

SHEPHERD, Circuit Judge dissenting in part.

I agree with the majority that the Aamodts did not properly raise the AFOIA claim or the claim that the 2008 Ordinance is invalid because it did not contain a map. However, because I find that the City failed to properly file the 2008 zoning change in the public record as required by City ordinance, I would reverse.

In 2009, the Aamodts set out to purchase a second home along the banks of the North Fork River in Norfork, Arkansas. To offset the costs of upkeep for the home, the Aamodts intended to rent the property to friends and fishermen for short-term stays. Before purchasing their home, the Aamodts reviewed all zoning ordinances on file with the County Recorder[3] and found no zoning restrictions prohibiting short-term rentals. The Aamodts purchased their home without knowledge of the 2008 Ordinance, which prohibits owners from using their property as short-term rentals in the zone where the Aamodts' home is located. After learning of the 2008 Ordinance, the Aamodts brought this action seeking to have the 2008 Ordinance declared invalid.

The majority focuses its brief analysis on whether the majority vote of the Norfork City Council validly adopted the 2008 Ordinance. The majority, however, fails to consider the gravamen of the plaintiffs' complaint and briefs: whether the City properly filed the 2008 Ordinance in the records of the County Recorder of Deeds after it was passed, as required by the City's own procedures. I agree with the majority that the 2008 Ordinance was properly passed by the City Council. However, I would find that the City failed to follow its own procedures by not filing the 2008 Ordinance with the County Recorder. Because Arkansas law requires cities to substantially comply with their own ordinances and the City of Norfork failed to do so, I would reverse.

_____

[3]In Arkansas, the County Recorder is the Circuit Clerk. Ark. Code Ann. § 14-14-502(b)(2)(A)(vii).

Article 06.01.03(A) of the 1995 zoning Ordinance of the City of Norfork outlines the "[m]andatory procedures for adoption and *filing*" of zoning plans. (emphasis added). Pursuant to the Article, "[f]ollowing adoption of plans and ordinances by the legislative body (Council), the adopted plans, ordinances and regulations *shall be filed* in the office of the Recorder . . . ." Article 06.01.03(A)(2) (emphasis added). The majority ignores this section of the 1995 Ordinance and instead focuses on the section of Article 06.01.03 that addresses the procedure through which amendments may be enacted.

The majority is correct in its observation that an amendment to an ordinance may be enacted through majority vote of the City Council. However, this does not end the inquiry.

The portion of the 1995 Ordinance that addresses filing applies to the filing of amendments as well as new ordinances. In my view, this interpretation of the statute is required by the article's plain language, and for that reason I would reverse. See Carmical v. McAfee, 7 S.W.3d 350, 357 (Ark. Ct. App. 1999) ("Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used."). Alternatively, even if the 1995 Ordinance were ambiguous as to the proper procedure for filing amendments, filing of the 2008 Ordinance with the County Recorder would still be required. "[Z]oning ordinance[s], being in derogation of common law, must be strictly construed in favor of the property owner." Rolling Pines P'ship v. City of Little Rock, 40 S.W.3d 828, 832 (Ark. Ct. App. 2001).[4]

Having chosen to impose a filing restriction on itself by requiring that zoning plans be filed with the County Recorder, "the [C]ity must abide by its own decisions.

---

[4]I note that we learned at oral argument that multiple other amendments were on file with the County Recorder, indicating the City itself has previously interpreted the ordinance as requiring filing with the County Recorder.

A city's failure to substantially comply with the procedural requirements" of its own ordinances renders the ordinance invalid.  City of Fordyce v. Vaughn, 781 S.W.2d 6, 9 (Ark. 1989).  Here, the City did not substantially comply with its filing requirements.  Though it filed the 2008 Ordinance with the City Clerk, it did not also file the Ordinance with the County Recorder. The district court, in finding that the City substantially complied with its own procedure by filing the 2008 Ordinance with the City Clerk, relied on Osborne v. City of Camden, 784 S.W.2d 596 (Ark. 1990).  In Osborne, the Supreme Court of Arkansas determined that the City substantially complied with a requirement that it file ordinances with the City Clerk when it filed instead with the City Planner.  Id. at 598.  The court noted "[t]he City Planner's officer [did] not have an outside door, and entry into the office [was] through the City Clerk's office.  When citizens went to the clerk's office and asked for a zoning map they were referred into the planning office.  Thus, there was substantial compliance with the statute."  Id.  In this case, the City of Norfork presented no evidence that parties looking for zoning ordinances in the Recorder's office were directed to the City Clerk.

The 1995 Ordinance informed future purchasers that zoning restrictions could be found at the office of the County Recorder.  The Aamodts, taking the City at its word, checked with the County Recorder, as would any Arkansas title examiner, and discovered no short-term lease restrictions on the to-be-purchased property.[5]  Though the Aamodts took care to ensure that they were not purchasing a home that was subject to a short-term rental restriction, they now own a home that they cannot use as they intended to use it because of a zoning ordinance of which they had no notice because it was not properly filed.  To find for the City in this case allows the City to disregard its own filing procedures without consequence.

---

[5]Pursuant to Arkansas law, the Recorder has the duty to record all instruments concerning land "that are authorized to be recorded in his or her office."  Ark. Code Ann. 14-15-402(a).  Filing with the County Recorder gives the public constructive notice of the instrument.  Ark. Code Ann. § 14-15-404(a).

Finding the City failed to comply with its own filing procedure, I would find the 2008 Amendment unenforceable, and I would reverse.

_____