SHEPHERD, Circuit Judge
dissenting in part.
I agree with the majority that the Aamodts did not properly raise the AFOIA claim or the claim that the 2008 Ordinance is invalid because it did not contain a map. However, because I find that the City failed to properly file the 2008 zoning change in the public record as required by City ordinance, I would reverse.
In 2009, the Aamodts set out to purchase a second home along the banks of the North Fork River in Norfork, Arkansas. To offset the costs of upkeep for the home, the Aamodts intended to rent the property to friends and fishermen for short-term stays. Before purchasing their home, the Aamodts reviewed all zoning ordinances on file with the County Recorder[3] and found no zoning restrictions prohibiting short-term rentals. The Aamodts purchased their home without knowledge of the 2008 Ordinance, which prohibits owners from using their property as short-term rentals in the zone where the Aamodts’ home is located. After learning of the 2008 Ordinance, the Aamodts brought this action seeking to have the 2008 Ordinance declared invalid.
The majority focuses its brief analysis on whether the majority vote of the Nor-fork City Council validly adopted the 2008 Ordinance. The majority, however, fails to consider the gravamen of the plaintiffs’ complaint and briefs: whether the City properly filed the 2008 Ordinance in the records of the County Recorder of Deeds after it was passed, as required by the City’s own procedures. I agree with the majority that the 2008 Ordinance was properly passed by the City Council. However, I would find that the City failed to follow its own procedures by not filing the 2008 Ordinance with the County Recorder. Because Arkansas law requires cities to substantially comply with their own ordinances and the City of Norfork failed to do so, I would reverse.
Article 06.01.03(A) of the 1995 zoning Ordinance of the City of Norfork outlines the “[m]andatory procedures for adoption and filing” of zoning plans, (emphasis added). Pursuant to the Article, “Hollowing adoption of plans and ordinances by the legislative body (Council), the adopted plans, ordinances and regulations shall be filed in the office of the Recorder....” Article 06.01.03(A)(2) (emphasis added). The majority ignores this section of the *739 1995 Ordinance and instead focuses on the section of Article 06.01.03 that addresses the procedure through which amendments may be enacted.
The majority is correct in its observation that an amendment to an ordinance may be enacted through majority vote of the City Council. However, this does not end the inquiry.
The portion of the 1995 Ordinance that addresses filing applies to the filing of amendments as well as new ordinances. In my view, this interpretation of the statute is required by the article’s plain language, and for that reason I would reverse. See Carmical v. McAfee, 68 Ark. App. 313, 7 S.W.3d 350, 357 (1999) (“Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used.”). Alternatively, even if the 1995 Ordinance were ambiguous as to the proper procedure for filing amendments, filing of the 2008 Ordinance with the County Recorder would still be required. “[Zjoning ordinance[s], being in derogation of common law, must be strictly construed in favor of the property owner.” Rolling Pines Limited P’ship v. City of Little Rock, 73 Ark. App. 97, 40 S.W.3d 828, 832 (2001).[4]
Having chosen to impose a filing restriction on itself by requiring that zoning plans be filed with the County Recorder, “the [Cjity must abide by its own decisions. A city’s failure to substantially comply with the procedural requirements” of its own ordinances renders the ordinance invalid. City of Fordyce v. Vaughn, 300 Ark. 554, 781 S.W.2d 6, 9 (1989). Here, the City did not substantially comply with its filing requirements. Though it filed the 2008 Ordinance with the City Clerk, it did not also file the Ordinance with the County Recorder. The district court, in finding that the City substantially complied with its own procedure by filing the 2008 Ordinance with the City Clerk, relied on Osborne v. City of Camden, 301 Ark. 420, 784 S.W.2d 596 (1990). In Osborne, the Supreme Court of Arkansas determined that the City substantially complied with a requirement that it file ordinances with the City Clerk when it filed instead with the City Planner. Id. at 598. The court noted “[t]he City Planner’s office [did] not have an outside door, and entry into the office [was] through the City Clerk’s office. When citizens went to the clerk’s office and asked for a zoning map they were referred into the planning office. Thus, there was substantial compliance with the statute.” Id. In this case, the City of Norfork presented no evidence that parties looking for zoning ordinances in the Recorder’s office were directed to the City Clerk.
The 1995 Ordinance informed future purchasers that zoning restrictions could be found at the office of the County Recorder. The Aamodts, taking the City at its word, checked with the County Recorder, as would any Arkansas title examiner, and discovered no short-term lease restrictions on the to-be-purchased property.[5] Though the Aamodts took care to ensure that they were not purchasing a home that was subject to a short-term rental restriction, they now own a home that they can *740 not use as they intended to use it because of a zoning ordinance of which they had no notice because it was not properly filed. To find for the City in this case allows the City to disregard its own filing procedures without consequence.
Finding the City failed to comply with its own filing procedure, I would find the 2008 Amendment unenforceable, and I would reverse.

. In Arkansas, the County Recorder is the Circuit Clerk. Ark.Code Ann. § 14-14-502(b)(2)(A)(vii).

. I note that we learned at oral argument that multiple other amendments were on file with the County Recorder, indicating the City itself has previously interpreted the ordinance as requiring filing with the County Recorder.

. Pursuant to Arkansas law, the Recorder has the duty to record all instruments concerning land ‘‘that are authorized to be recorded in his or her office.” Ark.Code Ann. 14 — 15— 402(a). Filing with the County Recorder gives the public constructive notice of the instrument. Ark.Code Ann. § 14-15-404(a).