Harold WILLIAMS et al *v.* Cecil KUEHNERT et al

5-4412                                    421 S. W. 2d 896

Opinion delivered December 18, 1967

*Martin, Dodds & Kidd,* for appellants.

*H. B. Stubblefield, Joseph C. Kemp* and *Perry V. Whitmore,* for appellees.

PAUL WARD, Justice. This litigation involves Little Rock's zoning law as it relates to a nonconforming usage.

H. W. Roper (appellee) owns a parcel of land at 8704 Oman Road on which he has for many years operated a kindergarten. This property, together with other nearby residential property, was annexed to the City and zoned "A"—one family residence. Roper's property was accepted as a nonconforming usage.

Later, on September 19, 1966, Roper filed an application with the Board of Adjustment asking for permission to make certain additions to the building in order to better accommodate the children. At the same time four property owners appeared in person, with a petition signed by fourteen property owners, and entered a protest. On October 17, 1966 a hearing was had, and the Board of Adjustment granted Roper's application on condition that certain specified driveways, parking areas, curbs, gutters, and sidewalks would be provided.

On November 14, 1966 the protestants (appellants) filed a complaint in circuit court against the Board setting out the facts previously stated and alleging, among other things, that to allow the proposed expansion would depreciate the value of their property because of increased traffic, and that it would prevent the free use of their driveways. The prayer was that the action of the Board "be declared illegal". An answer was filed by the Board, and Roper was allowed to intervene.

A jury was waived and the trial judge, after the introduction of testimony and exhibits, dismissed appellants' complaint.

On appeal, appellants rely on two points for a reversal: One, the Board had no "authority to permit the enlargement of the building", and; Two, no hardship on Roper was shown to justify the action of the Board.

*One.* We are unable to agree with appellants' contention that the Board had no "authority" to permit Roper to enlarge the kindergarten building.

Ark. Stat. Ann. § 19-2801 (Repl. 1956) [Building and Zoning Regulations,] in part, reads:

"They (municipal corporations) shall have the power to regulate the erection, construction, reconstruction, alteration and repair of buildings . . . ."

Ark. Stat. Ann. § 19-2829 b (Supp. 1965), in pertinent parts, reads:

"The board of zoning adjustment shall have the following functions: Hear requests for variances from the literal provisions of the zoning ordinance in instances where strict enforcement of the zoning ordinance would cause undue hardship due to circumstances unique to the individual property under consideration. . . . The board of zoning adjustment may impose conditions in the granting of a variance to insure compliance and to protect adjacent property."

Section 43-22 *Board of Adjustment* [City Zoning Ordinance] contains the following provisions:

"The board shall have the following powers and it shall be its duty . . . . Permit the location of the following uses in a district from which they are prohibited by this chapter. . . institutions of an *edu-*

*cational,* religious or philanthropic nature. . . ." (Emphasis ours.)

We think it is clear from the above that the Board of Adjustment is vested with the power and "authority", and perhaps the duty under facts developed, to grant Roper's application.

To sustain their position, appellants rely on the decision in *City of West Helena* v. *Bockman,* 221 Ark. 677, 256 S.W. 2d 40, where appellee (a doctor) was not allowed to expand his clinic located in a residential zoned district. That case, however, is not controlling here because the proposed expansion extended to within eight feet of the property line in violation of a city zoning ordinance. No such issue is involved in this case.

*Two.* As we understand appellants' arguments here, the contentions are that the judgment of the trial court is not supported by substantial evidence.

It is contended there is no evidence to show a hardship would have been imposed on Roper if the expansion had been denied. We cannot agree. In the first place no such showing is required under section 43-22 quoted previously. Moreover the testimony does show that the addition to the building was required by the Health Department in order for the kindergarten school to continue in operation.

It may be conceded, as was contended by appellants, that the operation of the kindergarten caused a traffic problem in that vicinity, that sometimes the cars blocked the entrances from the street to nearby residences, and that this problem would be aggravated if the enrollment of the school should be increased. However, as previously stated, the Board and the trial court granted Roper's application on certain *conditions.* One condition was that additional parking space be provided. The undisputed testimony is that ample

parking space has been, or will be, provided and that said conditions will hereafter be more favorable to appellants than they were previously.

In view of what we have pointed out above, we hold the judgment of the trial court is supported by substantial evidence and therefore must be affirmed.