CITY OF LITTLE ROCK *v.* Joseph KAUFMAN

5-5390                                    460 S. W. 2d 88

Opinion delivered November 23, 1970

*Joseph C. Kemp* and *Perry V. Whitmore,* for appellant.

*J. H. Carmichael, Jr.,* for appellee.

Conley Byrd, Justice. Appellee Joseph Kaufman, the owner of lots 1 & 2, and 17 and 18 in Block 7,

Lincoln Park Addition to the City of Little Rock, filed a petition with the Board of Adjustment for zoning variances. The City through its Board of Adjustment denied the application. On appeal to the Circuit Court the City's denial of the variances was reversed. The City of Little Rock's only point for reversal is that the Circuit Court erred in finding that appellee's evidence established a hardship relative to the property owned by him.

The applicable statutory authority under which the Board of Adjustment operates is set forth in Ark. Stat. Ann. § 19-2829b (Repl. 1968), as follows:

. . . "The board of zoning adjustment shall have the following functions:

. . . (2)   Hear requests for variance from the literal provisions of the zoning ordinance in instances where strict enforcement of the zoning ordinance would cause undue hardship due to circumstances unique to the individual property under consideration, . . . The board of zoning adjustment may impose conditions in the granting of a variance to insure compliance and to protect adjacent property."

Section 43-22(4) of the City Code defines the authority of the Board of Adjustment as follows:

. . . "The board shall have the following powers and it shall be its duty. . .

(d)   Permit the location of the following uses in a district from which they are prohibited by this chapter: airport, nursery, greenhouse, library, museum, community center, hospital, institutions of an educational, religious or philanthropic nature, and parking lot."

The record shows that Lincoln Park Addition was platted in lots 30 feet wide North to South and 140

feet long East to West. Lots 1 through 10 in Block 7 are numbered from North to South and lots 11 through 20, laying immediately East and across an alley, are numbered from the South to the North. Lots 1 through 10 are zoned "E-1 Quiet Business." Lots 19 and 20 are zoned for multi-family use ("C-2 Family"). Lots 11 through 18 are zoned "B-1 Family Residence."

The record shows that appellee Kaufman owns lots 1 & 2 on which he has erected an office building 40 by 100 feet. Through a prior zoning variance, the West 50 ft. of lots 19 and 20 are used for parking for the office building. In the building are three businesses, a cosmetologist, an orthodontist, and a local office of Hoover Co. The proof shows that the parking lot on the West 50 ft. of lots 19 & 20 accommodates 12 cars. Parking at the East of the building extends out into the alley and to some extent blocks the alley. The lands lying southward of the office building are improved with an apartment complex. This apartment complex uses the same alley for parking as does the office building.

When Kaufman became aware of the crowded condition of his tenants in their offices and of a parking problem he purchased lots 17 & 18. He then filed a request for a variance with respect to the front and the rear yards, proposing to construct a 20 by 40 ft. extension on the West end of his building and 15 by 40 ft. extension on the East end of his building. At the same time he requested a variance for parking lot purposes on the West half of lots 17 & 18.

All of the testimony shows that the proposed variances with respect to building set-backs and parking lot area will not adversely affect property in the area.

Thus as we review the record there is substantial evidence to sustain the trial court's finding that strict enforcement of the zoning ordinance would cause undue hardship due to circumstances unique to the individual property under consideration. This is especially so since such variance would not adversely affect other property

in the immediate area. In *Williams* v. *Kuehnert,* 243 Ark. 746, 421 S. W. 2d 896 (1967), we affirmed the action of the trial court under circumstances much more favorable to those appellants than the appellant has shown here.

Affirmed.