DEBOHA II *v.* James SUMMERLIN et al,
Members of The LITTLE ROCK
BOARD OF ZONING ADJUSTMENT

CA 79-122

Opinion delivered October 24, 1979
and released for publication November 16, 1979

*Spitzberg, Mitchell & Hays*, by: *W. Christopher Barrier*, for appellant.

*R. Jack Magruder III* and *Carolyn B. Armbrust*, for appellees.

DAVID NEWBERN, Judge. This case was appealed to the Arkansas Supreme Court and was assigned to the Court of Appeals pursuant to Supreme Court Rule 29(3).

Deboha II was denied a zoning variance by the Board of Adjustment. The Circuit Court affirmed the decision, and that Court's de novo review of the matter is on appeal here. The sole issue presented is whether there was substantial evidence before the Court to support its decision. *Quapaw Quarter Ass'n* v. *Board of Zoning Adjustment*, 261 Ark. 74, 546 S.W. 2d 427 (1977); and *City of Little Rock* v. *Kaufman*, 249 Ark. 530, 460 S.W. 2d 88 (1970). We find there was.

The appellant is a partnership leasing and operating a McDonald's restaurant at the intersection of West Markham and Jackson Streets in Little Rock. In 1976, the owners of the property and the McDonald's Corporation, as prospective owner, obtained a variance which permitted the use of the back portion of the property as a parking lot. The back portion is bordered by "A" Street at the rear (north) and Jackson Street to the east. In its judgment granting the 1976 variance, the Court noted that McDonald's agreed ingress and egress would be only on Markham and the operation would not appreciably increase the flow of traffic on "A" Street or Jackson Street.

The variance sought in the case before us would permit the appellant to allow egress from the parking lot onto "A" Street. To obtain a variance, the applicant must demonstrate, in the words of the applicable ordinance and the enabling statute, "undue hardship due to circumstances unique to the individual property under consideration . . .," and the

variance may be granted ". . . only when it is demonstrated that such action will be in keeping with the spirit and intent of the provisions of the zoning ordinance." Ark. Stat. Ann. § 19-2829b. (Repl. 1968); and Code of Ordinances of the City of Little Rock, § 43-22(4)(1975). In support of its contention that its request met these requirements, the appellant produced evidence of traffic congestion, at the intersection in question, resulting in accidents occurring when McDonald's customers attempted to exit on Markham. It also referred to a retaining wall and steep drop-off to the east which would preclude entry and exit on Jackson Street.

In rebuttal, the appellees produced expert testimony to the effect that release of traffic from the lot onto "A" Street would threaten the residential character of the neighborhood to the north. A resident of the neighborhood testified to the same effect. The Little Rock Director of Comprehensive Planning and the former Director both testified that the original variance had created problems for the City, and that the granting of the variance requested here would not alleviate the problems and would, instead, have a substantially adverse effect on the residential neighborhood to the north. The City's Director of Current Planning voiced the same opinion with respect to the adverse effect on the neighborhood as did one of the residents of the neighborhood.

This testimony clearly constituted substantial evidence rebutting the appellant's proof on the issue whether the spirit of the plan would be served by the variance. It may also have been relevant to the question whether a hardship was demonstrated, as the Arkansas Supreme Court apparently finds the question of the effect of a variance on the surrounding neighborhood to be inextricable from the question of hardship. See, e.g., *City of Little Rock* v. *Kaufman, supra,* and *Zoning Flexibility: Bored of Adjustment?,* 30 Ark. L. Rev. 491, 509 (1977), and cases cited there.

In view of this finding that the record contains substantial evidence supportive of the appellee's position, we conclude the trial court was correct in affirming the Board of Adjustment decision.

Affirmed.

Judge Hays did not participate.