David Richard POTOCKI and Vicki Karen POTOCKI, Husband and Wife, and Eugene SICKLES and Kay SICKLES *v.* The CITY OF FORT SMITH, Arkansas, and Joe EDWARDS

82-245                                      648 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered March 28, 1983

*William M. Cromwell,* for appellants.

*Daily, West, Core, Coffman & Canfield,* and *Douglas Parker,* for appellees.

JOHN I. PURTLE, Justice. The Board of Directors of the City of Fort Smith overruled its planning commission and enacted an ordinance rezoning certain property within the city. Appellants appealed to the Sebastian County Chancery Court which affirmed the action of the Fort Smith Board of Directors. The appellants argue that both the board and chancellor erred in not giving a proper interpretation to a previously adopted zoning ordinance. We agree with appellants and reverse and remand.

Prior to commencement of any activities involved in this proceeding the City of Fort Smith, Arkansas enacted ordinance no. 3421 which prohibited resubmission of zoning petitions within one year following denial. On October 14, 1980, appellee made application to the planning commission to rezone lots 112-116 in the Fairfax subdivision from residential to commercial. The planning commission recommended denial of the petition to rezone and the board of directors followed the recommendation on November 5, 1980. Appellee submitted another petition for rezoning on January 13, 1981, which requested that only lots 112 and 113 be rezoned. The planning commission rejected the second application. On February 3, 1981 the board of directors

overruled its planning commission and rezoned the two lots. The chancery court sustained the board of directors in an order entered on April 7, 1982.

The question presented on appeal is whether the chancellor erred in failing to rule that ordinance no. 3421 prohibited the board from approving rezoning of these two lots within a year from the time of rejection of the first petition to rezone which included the same two lots. We are of the opinion that ordinance no. 3421 prohibits consideration of the same property for rezoning within a year of prior rejection and find that it was error to not apply the ordinance to the facts in question. Cities possess only the powers granted to them. They have no inherent powers and must act only with powers delegated by the Arkansas Constitution or statutes. *City of Little Rock v. Raines*, 241 Ark. 1071, 411 S.W.2d 486 (1967). Zoning powers exercised by the city of Fort Smith during the proceedings involved herein are derived from Act 186 of 1957, codified in Ark. Stat. Ann. §§ 19-2825 et seq. (Repl. 1980). Act 186 of 1957 requires the planning commission to review a petition for rezoning prior to the legislative body of the city considering the matter. Ark. Stat. Ann. § 19-2827 (f) states in part:

> After adoption and filing as hereinafter provided, of a plan or plans, no public way, ground, or open space . . . shall be acquired, constructed, or authorized, unless such a project, proposal or development has been submitted to the planning commission for review, recommendation and approval as to its conformity with the plan or plans . . .

The pertinent part of ordinance no. 3421 states:

> (3) (iv) In the event that the appeal to the governing body of the city of the planning commission decision is rejected by the governing body, the proponent of such change or alteration shall not be permitted for a period of one calendar year from the date of action by the governing body of the city to file with the planning commission a petition requesting an identical or substantially identical change or alteration in the

zoning of the subject real property or any portion thereof.

It is obvious the second application for rezoning was made within a year from the date the board denied the prior application. Likewise, the description of the property in the second petition reveals that it is a portion of the property described in the first request for rezoning. Therefore, the rezoning was repugnant to the existing zoning ordinance. A failure to substantially comply with the procedural requirements of enabling legislation renders a subsequent ordinance invalid. *City of Searcy v. Roberson,* 224 Ark. 344, 273 S.W.2d 26 (1954). A city simply cannot pass procedural ordinances they expect to be followed by their residents and then conveniently ignore them themselves. A legislative body must substantially comply with its own procedural policies. *Maxwell v. Southside School Dist.,* 273 Ark. 89, 618 S.W.2d 148 (1981). In the recent case of *Taggart & Taggart Seed Company, Inc. v. The City of Augusta,* 278 Ark. 570, 647 S.W.2d 458 (1983), we held that a city government is bound by its own prior ordinances in adopting a zoning plan. We reverse and remand the case to the lower court to proceed in a manner which will accord with our opinion.

ADKISSON, C.J., dissents.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority suggests that the Board of Directors of Fort Smith violated a state statute by allowing appellee Edwards to rezone certain property. This is simply not the case. Instead, the Board merely made an exception to its own rules of procedure.

There is no reason why the Board cannot make such an exception when there is no violation of any person's constitutional rights and no violation of any state statute.

I would affirm the chancellor.