The Honorable David R. Malone State Senator P. O. Box 1048 Fayetteville, Arkansas 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following specific questions:
 (1) Could the City of Fayetteville contribute all or any part of the yield from one cent of the local sales tax to the Fayetteville schools?
 (2) Could the City of Fayetteville construct facilities and give or rent them to the school district?
 (3) Could the Fayetteville School Board levy a one-cent sales tax with voter approval?
 (4) Could the Fayetteville School Board levy an income tax on the residents of the school district with voter approval?
 (5) How would tax money from either income or sales tax affect Fayetteville funding under the school funding formula (Act 34)?
It should be initially noted that:
 [Municipal corporations] have no inherent powers and can exercise only (1) those expressly given them by the state through the constitution or by legislative grant, (2) those necessarily implied for the purposes of, or incident to these express powers and (3) those indispensable (not merely convenient) to their objects and purposes. (Citations omitted).
Cities may act legally only within the powers derived from or delegated by the constitution and statutes. The validity of their ordinances depends on the authority granted by the constitution or by the legislature. (Citations omitted).
City of Little Rock v. Raines, 241 Ark. 1071, 1078-1079,411 S.W.2d 486 (1967); See Taggart Taggart Seed Co., Inc. v. City of Augusta, 278 Ark. 570, 647 S.W.2d 458 (1983); Potocki v. City of Ft. Smith, 279 Ark. 19, 648 S.W.2d 462 (1983).
 (1) Pursuant to Ark. Stat. Ann. 19-4524(a) and (b) (Cum. Supp. 1985), municipalities are permitted by ordinance to levy a one percent (1%) "local sales and use tax for the benefit of such city." Proceeds from the tax may be used by the city ". . . for any purpose for which the city's general funds may be used." See Ark. Stat. Ann. 19-4529 (Cum. Supp. 1985). The question, then, is whether the city's "general funds" may be contributed to the schools.
Ark. Stat. Ann. 19-4409 and 19-4410 (Repl. 1980) must be considered in this regard. 19-4409 authorizes cities to allocate funds to support "any public school district in which said . . . city is located. . . ." However, Ark. Stat. Ann. 19-4410 (Repl. 1980) places a limitation on the funds from which money may be allocated to school districts. 19-4410 reads as follows:
 Such financial aid granted and paid to such school district shall be paid out of any funds received by such town or city; provided, however, such payments shall not be made from the regular city taxes collected by the county or state for said town or city. (Emphasis added).
When read together, 19-4529 and 19-4410 appear to prohibit the city from contributing local sales tax revenue to the schools. These revenues can be used for any purpose for which the city's general funds" may be used. It is reasonable to conclude that these "general funds" are derived, at least in part, from general tax revenues. And the city's allocation of these revenues to the schools is precluded under 19-4410 which prohibits the payment of financial aid to the school districts from "regular city taxes."
The answer to first question, therefore, is no.
(2) Ark. Stat. Ann. 19-2310 (Cum. Supp. 1985) provides:
 Municipal corporations are hereby empowered and authorized to buy, sell, convey, lease, rent or let any real estate or personal property owned or controlled by such municipal corporations. Such power and authorization shall extend and apply to all such real estate and personal property, including that which is held by the municipal corporation for public or governmental uses and purposes.
Under the above quoted statute, it appears that the City of Fayetteville has the authority to convey or lease its properties to the school district.
The word "give" has been defined as meaning "to convey". And, in a broad sense, the word "give" is interchangeable and synonymous with the term "convey". See 38 C.J.S. Give (1943). While there is no statutory authority nor case law directly on point, the word "convey" as it appears in 19-2310 arguably includes the authority to "give" property owned by the city.
 (3) The answer to your third question is no. It appears that the legislature has granted the authority to levy a one percent (1%) sales tax to specific political subdivisions, namely, the State [See Arkansas Gross Receipts Tax Act of 1941, the same being Ark. Stat. Ann. 84-1901 et seq.] (Repl. 1980 and Cum. Supp. 1985), and cities [See Ark. Stat. Ann. 19-4508 et seq. (Repl. 1980); Ark. Stat. Ann. 19-4513 et seq. (Cum. Supp. 1985); Ark. Stat. Ann. 19-4523 et seq. (Cum. Supp. 1985).] It should be further noted that Ark. Stat. Ann. 80-509 (Repl. 1980 and Cum. Supp. 1985) enumerates the powers and duties of school boards. The power to levy a sales tax is not among the specific powers enumerated. Therefore, it is reasonable to conclude that the Fayetteville School Board may not levy a one percent (1%) sales tax.
 (4) The answer to your fourth question also appears to be no. The Income Tax Act of 1929 codified as Ark. Stat. Ann. 84-2001 et seq. (Repl. 1980 and Cum. Supp. 1985) provides for the imposition of a tax on the income of residents and corporations within the state. In addition to the state imposing a tax on the income of the residents, counties and municipalities are also permitted to levy a tax on the income of their residents. We find no authority for the levy of an income tax by a school board.
 (5) The School Finance Act of 1984, codified as Ark. Stat. Ann. 80-850.10 — 80-850.22 (Act 34 of 1983) (Cum. Supp. 1985), establishes a formula used in computing the amount of state aid allocated to the several school districts throughout the state. In determining the amount of state aid to school districts, assessed valuations for real property, personal property, and utilities and regulated carriers are used. There are no provisions set forth in Act 34 with respect to income and/or sales taxes, nor are such assessments included in the computation of state aid for the school districts. Therefore, it appears that sales and income taxes have no affect on the funding received by Fayetteville pursuant to Act 34 of 1983.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.