The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Is it permissible for a municipality which charges an occupational license tax or a business tax on persons or businesses located within its city limits to directly compete against or offer services in direct competition with those persons or businesses taxed?
The general nature of this question precludes a conclusive response. The particular facts and circumstances surrounding the city's actions would have to be considered in order to fully assess the attendant issues. As a general matter, however, it is my opinion that the payment of an occupational tax by a business would not prevent a city from providing services or engaging in activities in competition with that business, as long as the pursuit of those services or activities is properly within the city's power and authority.
It must be initially noted in this regard that the Code provisions governing municipal occupational taxes and licenses do not confer exclusive rights or privileges on those paying the tax or fee. See A.C.A. § 26-77-101 et seq. (1987). Thus, as long as the city is acting within the proper confines of its statutory or constitutional authority, it is my opinion that Arkansas Code Sections 26-77-101 et seq. (providing for payment of a license tax) will not bar the city's actions.
With regard to the possible existence of a franchise grant in this instance, it should be recognized that in the absence of a contract for an exclusive privilege, a grant of a franchise to conduct a business does not grant a right to be free of competition, even from the conduct of a similar business subsequently entered into by the municipality.[1] 62 C.J.S.Municipal Corporations § 258 (1949). Even in the case of an exclusive franchise or privilege, it is generally stated that the right granted is subject to the legitimate exercise of the city's police power. 62 C.J.S., supra. See also generally FortSmith v. Hunt, 72 Ark. 556, 82 S.W. 163 (1904) (holding that a city cannot by contract divest itself of its police power.)
It is apparent that your question cannot be conclusively answered without reference to a specific factual setting. It is my opinion, however, that the answer to your question is generally "yes," that is, the municipality may compete against the persons or businesses paying the license tax, as long as it is acting within its delegated powers.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This assumes, or course, that the city has the authority to engage in the activity or business. Municipalities are creatures of the legislature and as such must act only with powers delegated by the Arkansas Constitution or statutes. Potocki v.City of Fort Smith, 279 Ark. 19, 648 S.W.2d 462 (1983).