The Honorable Barbara Horn State Representative P.O. Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion regarding the zoning ordinance for the City of Ashdown. Specifically, you have referred to Chapter 8 of the zoning ordinance, which pertains to amendments of the ordinance and which provides the following:
Art. 8-1: Amendments
 A. The Zoning Ordinance shall be amended in conformance with the requirements of Act 186 of 1957 General Assembly and as they subsequently may be amended.
 B. The City Planning Commission shall establish the procedures for processing requests for revisions to the Zoning Ordinance and to the zoning map.
 C. The applicant for a change of zone shall notify all lessees and owners of property that lies within 240 feet of the proposed change by first-class mail or by petition, stating the description of the proposed change and announcing the public hearing date and place.
 D. No application for change of zoning for a given property may be resubmitted within twelve (12) months from the date of action by the Commission or legislative body, whichever is later, unless the Commission finds that a substantial reason exists for waiving this limitation.
 E. No change shall be made to the Zoning Ordinance without a public hearing before the City Planning Commission and its recommendations to the City Council.
 Art. 8-2: Fees
 A. An applicant for a change of zoning shall be required to reimburse the City of Ashdown for costs of public notice and the conduct of the public hearing.
[Emphasis added.][1]
With regard to this portion of the zoning ordinance, you have inquired as to whether the Ashdown City Council has the power to waive the "twelve month waiting period" referred to in Art. 8-1(D), as set forth above, and if so, whether the applicant for rezoning would be required to go through the procedures referred to in Art. 8-1(C).
For the reasons stated below, it is my opinion that the Ashdown City Council does not have the power to waive the "twelve month waiting period" referred to in Art. 8-1(D) of the Ashdown zoning ordinance. It is also my opinion that the Ashdown zoning ordinance requires all applicants for rezoning, including those for which the Ashdown Planning Commission has waived the "twelve month waiting period," to comply with the provisions set forth in Art. 8-1(C) of the ordinance.
The Ashdown zoning ordinance provides that amendments to the ordinance shall be made pursuant to the requirements in Act 186 of 1957 and its subsequent amendments. See Art. 8-1(A). Act 186 of 1957 provides that, where cities have chosen to create a planning commission, the commission is required to review a petition for rezoning prior to the legislative body of the city considering the matter; the act does not provide any exceptions to this requirement. See Potocki v. City of Fort Smith,279 Ark. 19, 648 S.W.2d 462 (1983). Act 186 of 1957 was amended in 1959 to authorize an alternative procedure for making amendments to a zoning ordinance; this alternative procedure provided that such amendments could take place by a majority vote of the city council. Ark. Acts 1959, No. 128, §§ 1 2. See also A.C.A. §§ 14-56-422 and 14-56-423 (1987) (codification as it appears today). Even though the Ashdown zoning ordinance was adopted in 1978 and thus after passage of the 1959 act discussed above, the ordinance itself sets forth the requirements similar to those outlined in Act 186 of 1957, as the ordinance states "[n]o change shall be made to the Zoning Ordinance without a public hearing before the City Planning Commission and its recommendations to the City Council." Ashdown Zoning Ordinance, Art. 8-1(E). The fact that the ordinance does not appear to contemplate the alternative procedure for making amendments to a zoning ordinance, as set out in the 1959 act, does not conflict with that act, as the procedures contained therein are simply an alternative method which cities may choose to adopt. SeeTaggart Taggart Seed Co. v. City of Augusta, 278 Ark. 570,647 S.W.2d 458 (1983).
In addressing your questions, it may be helpful to discuss the case of City of Fordyce v. Vaughn, 300 Ark. 554, 781 S.W.2d 6
(1989), which involved a zoning ordinance similar to the one adopted by the City of Ashdown. In that case, the City of Fordyce enacted a zoning ordinance and provided for a city planning commission to administer the provisions of the ordinance, one of which provided that the planning commission was to set a hearing on all proposed changes. The city, therefore, was not empowered to make zoning changes without first having the planning commission consider the request. The ordinance also provided the following:
 No application for a change of the Zoning Ordinance may be resubmitted within 12 months from the date of action by the City Council unless the Planning Commission finds that a substantial change in conditions has occurred.
City of Fordyce v. Vaughn, 300 Ark. at 556. This provision is very similar to the one contained in Art. 8-1(D) of the Ashdown zoning ordinance.
In the Vaughn case, a citizen wishing to have his residential property rezoned to a commercial classification proposed a zoning amendment to the planning commission in June 1987. The commission recommended to the city council on July 9, 1987, that the zoning request be denied. Nevertheless, the city council rezoned the property on November 16, 1987, through enactment of an ordinance. On December 8, 1987, the city council repealed this ordinance, the effect of which was to reestablish the original zoning classification of the property. Then, on February 9, 1988, the city council enacted another ordinance which rezoned the property in question to a commercial classification. As the zoning request was not referred to the planning commission before enactment of the February 9, 1988, ordinance, the Court in Vaughn held that the city had failed to substantially comply with its own ordinance regarding amendments to the zoning law. The Court stated:
 Nothing required the City of Fordyce to create a planning commission or to delegate authority to it as was done in Ordinance No. 624. However, having chosen to do so, the city must abide by its own decisions until such time as the ordinance is legally altered or repealed in accordance with the law . . . "[A] city simply cannot pass procedural ordinances they expect to be followed by their residents and then conveniently ignore them themselves. A legislative body must substantially comply with its own procedural policies." See Maxwell v. Southside School Dist., 273 Ark. 89, 618 S.W.2d 148 (1981).
City of Fordyce v. Vaughn, 300 Ark. at 560.
Because the Ashdown zoning ordinance requires action by the planning commission prior to changes of the zoning ordinance by the city (see Art. 8-1(E)), and because Art. 8-1(D) of the ordinance states that applications for rezoning may not be resubmitted within twelve months from the date of action taken on the initial application unless the commission (not the city council) finds that a "substantial reason exists for waiving this limitation," it is my opinion that the Ashdown City Council cannot waive the "twelve month requirement." To do so, in my opinion, would be to act contrary to the ordinance itself, and as stated in the Vaughn case, cities must comply with the procedures outlined in their ordinances. Additionally, since a petition for rezoning has to be submitted to the planning commission prior to submission to the city council (see Art. 8-1(E)), it would only make sense that it is the commission which decides when a substantial reason exists for waiving the "twelve month waiting period."
With regard to the portion of your question which pertains to compliance with the requirements set forth in Art. 8-1(C), it is my opinion that all applicants for rezoning, including those which are allowed by the planning commission to resubmit their applications contrary to the "twelve month requirement," must comply with the notice provisions set out therein. Article 8-1(E) provides that "[n]o change shall be made to the Zoning Ordinance without a public hearing before the City Planning Commission and its recommendations to the City Council," and since the notice provisions set forth in Article 8-1(C) pertain to the public hearing, they must be complied with, for if they were not, a resubmission application might be approved and a change to the zoning map would thus be made contrary to Art. 8-1(E).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that the only provisions of the Ashdown zoning ordinance which were provided with the request for an opinion are those set forth above. Accordingly, the opinion offered herein is based upon those provisions of the ordinance.