The Honorable Jim Von Gremp State Representative P.O. Box 866 Bentonville, AR 72712-0866
Dear Representative Von Gremp:
This is in response to your request for an opinion on the following questions regarding a proposed "merger" of the Bentonville Public Library and the Bentonville School Library:
 A. With the school receiving funds from the county and state, what would the city's responsibility be for funding?
 B. How would the public library handle censorship problems if the superintendent said that books would have to be pulled off the shelves, as he did not want the students reading them?
C. What is your definition of a school library and a public library?
 D. Would the public library be under the jurisdiction of the public school librarian since it would be housed under the Bentonville School roof?
 E. How would the matter of insurance for materials and patrons be handled, since [the] city does not carry insurance for patron accidents?
 F. Which board (Bentonville Public Library Board or the Bentonville School Board) would be responsible for governing this merged library?
 G. Would public library staff be city, county or state employees, and where would funds come from to pay the staff?
It is my opinion that these questions cannot be answered in the absence of specific information concerning the legal basis for such a "merger." You have cited no authority in this regard, and my research has failed to yield any statute or constitutional provision specifically addressing the merger of a public library and a school library. It must be recognized in this regard that cities have no inherent powers and may act legally only within powers delegated by the Arkansas Constitution or statutes. Potockiv. City of Fort Smith, 279 Ark. 19, 648 S.W.2d 462 (1983), citing City ofLittle Rock v. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967). The court inRaines, supra, stated:
 Cities are creatures of the state to aid it in the regulation and administration of local affairs. [Citations omitted.] They have no inherent powers and can exercise only (1) those expressly given them by the state through the constitution or by legislative grant, (2) those necessarily implied for the purposes of, or incident to, these express powers and (3) those indispensable (not merely convenient) to their objects and purposes. [Citations omitted.]
241 Ark. at 1078.
With regard to express provisions pertaining to libraries, cities are authorized under A.C.A. § 13-2-501(a) (Cum. Supp. 1993) to "establish and maintain a public library or reading room for the use and benefits of the inhabitants of the city." Cities may, in accordance with A.C.A. §13-2-508 (1987), establish a "common library with a neighboring city." Amendment 30, Section 4, to the Arkansas Constitution states that "[n]othing herein shall be construed as preventing a co-ordination of the services of a city public library and a county public library." See also
Ark. Const. amend. 38, § 4. Under A.C.A. § 13-2-507(b) (1987), cities may "contract for library service" with, inter alia, "school authorities."
It thus seems that the city and school could contract to share library services, in which case the majority of your questions could be addressed by agreement. I cannot conclude, however, from these provisions that the city has been given the power, generally, to "merge" its library with a school library. And as stated above, without knowing the legal foundation for such a "merger," I cannot answer your specific questions.[1]
Consideration should perhaps be given, finally, to the Interlocal Cooperation Act (A.C.A. §§ 25-20-101 through -108 (Repl. 1992) as a potential basis for the "merger" of a school library and a city public library. This act authorizes the joint exercise by local governmental units (including cities and school districts) of "[a]ny governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone. . . ." A.C.A. § 25-20-104(a). You have not indicated whether the proposed "merger" in this instance involves the Interlocal Cooperation Act. If "joint cooperative action" (A.C.A. §25-20-104(b)) under this act is contemplated, the act should be referenced regarding the specific requirements for any such agreement. As with a "contract for library services" under A.C.A. § 13-2-507 (see discussion above), an interlocal cooperation agreement could presumably address many of the matters set forth in your questions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] With regard to your third question seeking a definition of a "school library" and a "public library," it appears that while these terms are distinct under various Code provisions, they remain undefined.See, e.g., A.C.A. §§ 13-2-703 (Cum. Supp. 1993) (prohibiting disclosure of library records); 5-68-308 (Repl. 1993) (obscenity law); 13-2-204
(qualifications of state librarian). I cannot provide a controlling definition of these terms when the legislature has not done so.