The Honorable Frank J. Willems State Representative 2921 Union Road Paris, Arkansas 72855
Dear Representative Willems:
This opinion is being issued in response to your recent question regarding the supplementation of firemen pension payments. You have indicated that the city of Magazine, Arkansas supplements its firemen's pension payments by paying each fireman $30.00 per month from the pension fund and $45.00 per month from the general fund.
Regarding this situation, you have presented the following question:
 Are payments from the general fund considered to be lawful expenditures under A.C.A. § 14-42-308 and A.C.A. § 14-58-203?
It is my opinion that payments from municipalities' general funds for pension benefits are not lawful expenditures for municipalities.
Municipalities are creatures of the legislature and as such, may exercise only those powers which the legislature has bestowed upon them. Jones v.American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987). They have no inherent power. Potocki v. City of Ft. Smith, 279 Ark. 19,648 S.W.2d 462 (1983).
The Arkansas legislature has not empowered municipalities to govern firemen's pension systems. Indeed, the state legislature has specifically prohibited municipalities from contradicting or altering state laws that govern pension systems. See A.C.A. § 14-42-306(a). (Cf. A.C.A. §14-43-601(a)(1)(F), which delineates municipal affairs for cities of the first class, explicitly excluding pension systems from the definition of "municipal affairs.")
Rather than leaving the subject of firemen's pension systems to be governed by municipalities, the state legislature has explicitly legislated on the subject, creating specific laws by which such systems are to be governed. See A.C.A. §§ 24-10-101 — 24-11-830. These laws set forth various means by which (and circumstances under which) firemen's benefits may be increased or supplemented. See, e.g., A.C.A. §§24-10-602, -603; A.C.A. §§ 24-11-102; -422, -432, -807, -826. See also
A.C.A. § 14-53-111. They also create limitations upon the amounts that can be received by the various beneficiaries as a result of such increases. Although these laws allow municipalities to act locally in connection with firemen's pension plans, they must do so within the confines of the provisions of these state laws. Therefore, the use by a municipality of an extraneous means of increasing or supplementing benefits could be viewed as unlawfully altering or conflicting with the state pension laws.
You specifically inquired about the applicability of the provisions of A.C.A. §§ 14-42-308 and 14-58-203 to the situation that is the subject of your question.
The provisions of A.C.A. § 14-42-308 empower the governing bodies of municipalities operating under charters to propose budgets for the municipality. Because cities operating under charters are bound not to contradict or alter state pension laws, see A.C.A. § 14-42-306(a), this provision does not affect the conclusion that I have reached.
With regard to A.C.A. § 14-58-203, it is my opinion that the provisions of that statute, which allows the alteration or revision of unpledged appropriated municipal funds "for any purpose," does not govern the situation about which you have inquired. Rather, that provision governs the reappropriation of funds that were originally "lawfully" budgeted by the municipality. See A.C.A. § 14-58-203(a). For that reason, this statute does not affect my opinion regarding your question.
I must therefore conclude that the payment of pension benefits out of a municipality's general fund is not a lawful expenditure by that municipality.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh