The Honorable Jean Edwards State Senator Capitol Hill Apartments Little Rock, AR 72201
Dear Senator Edwards:
This is in response to your request for an opinion on the constitutionality of House Bills 1100 and 1101 in the current regular legislative session. You state that the bills deal with city governments and would allow the mayor to be counted as part of a quorum.[1] You note that this has generated a separation of powers question.
It is my opinion that these bills are constitutional.
It is well-established in Arkansas that cities are "creatures of the State to aid it in the regulation and administration of local affairs."City of Little Rock v. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967). They have no inherent powers, and can function only within limits fixed by law. Kitchens v. City of Paragould, 191 Ark. 940, 88 S.W.2d 843 (1936). They may act legally only within powers delegated by the Arkansas Constitution or statutes. Potocki v. City of Fort Smith, 279 Ark. 19,648 S.W.2d 462 (1983). Accordingly, the General Assembly is authorized, subject to constitutional restrictions, to prescribe cities' powers and functions.
With regard to the bills in question, I perceive no constitutional impediment to their enactment. With regard specifically to any "separation of powers" concern, it must be recognized that:
 [t]he doctrine of separation of powers applied at the state level is not usually applied to municipal corporations and has never been regarded as fully appropriate in the performance of municipal functions. McQuillin, Municipal Corporation, §§ 9.20, 10.3; C.J.S. 489, Constitutional Law, § 106. It has not been the practice in Arkansas to separate these powers to any great degree.
Laman v. McCord, 245 Ark. 401, 408, 432 S.W.2d 753 (1968) (Fogleman, J., concurring).
The current Code provisions pertaining to the respective powers and duties of the city council and the mayor are illustrative in this regard. Arkansas Code Annotated § 14-42-102 (1987) provides, for example, that:
 [t]he corporate authority of cities that are organized shall be vested in one (1) principal officer, to be called the mayor, and one (1) board of aldermen, to be called the city council, together with such other officers as are mentioned in this subtitle or may be created under its authority.
Arkansas Code Annotated § 14-43-502 (1987)[2] should also be noted wherein it provides:
 (a) The city council shall possess all the legislative powers granted by this subtitle and other corporate powers of the city not prohibited in it or by some ordinance of the city council made in pursuance of the provisions of this subtitle and conferred on some officer of the city.
 (b)(1) The council shall have the management and control of finances, and of all the real and personal property belonging to the corporation.
Thus, city councils in Arkansas clearly possess both legislative and executive powers. As stated by the Arkansas Supreme Court, "[c]ity governments in Arkansas know no such complete separation of powers as would automatically classify all aldermanic activities as legislative in character." Scroggins v. Kerr, 217 Ark. 137, 142, 228 S.W.2d 995 (1950). Similarly, while the mayor is generally regarded as an "executive" officer (see, e.g., A.C.A. § 14-43-504(a) (Supp. 1995), regarding mayor as "chief executive officer"), he also serves as "ex officio president of the council" and presides at its meetings. A.C.A. §§ 14-43-501(b)(1)(A) and 14-44-107(a). And he has a vote "when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion." A.C.A. §14-43-501(b)(1)(B); see also A.C.A. § 14-44-107(a). It thus seems clear that the powers and duties of the mayor are currently not limited to executive functions.
It has been stated that the duties of a city are often as much in the executive field as the legislative. Laman, supra at 408 (Fogleman, J., concurring). This is reflected in the above Code provisions. The separation of powers doctrine does not prevent this duality of functions. It is therefore my opinion that if challenged, House Bills 1100 and 1101 would be deemed constitutional, based upon the absence of a complete separation of powers in city government in Arkansas.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The bills apply, respectively, to cities of the second class and cities of the first class. Both bills provide that the mayor "shall have a vote to establish a quorum of the council. . . ." I assume that the legislative intent is to include the mayor in determining a quorum. The language is, however, somewhat unclear in that some discretion is arguably conferred on the mayor in establishing a quorum.
[2] I have opined that § 14-43-502 applies by implication to cities of the second class, there being no other specification in the Code of the general powers and duties of the city council of a city of the second class. Op. Att'y Gen. 95-367 at 2, citing Conner v. Burnett,216 Ark. 559, 226 S.W.2d 984 (1950).