The Honorable Phillip T. Jacobs State Representative 819 Miller Street Clarksville, AR 72830-2239
Dear Representative Jacobs:
You have requested an Attorney General opinion in response to the following question:
 Can a city supplement the retirement of its firemen who are covered under LOPFI?
It is my opinion that a city cannot supplement the retirement of its firemen who are covered under LOPFI.
Municipalities are creatures of the legislature and as such, may exercise only those powers which the legislature has bestowed upon them. Jones v.American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987). They have no inherent power. Potocki v. City of Ft. Smith, 279 Ark. 19,648 S.W.2d 462 (1983).
The Arkansas legislature has specifically prohibited municipalities from contradicting or altering state laws that govern pension systems. See
A.C.A. § 14-42-306(a). (Cf. A.C.A. § 14-43-601(a)(1)(F), which delineates municipal affairs for cities of the first class, explicitly excluding pension systems from the definition of "municipal affairs." Although A.C.A. § 14-43-601 is set forth in the chapters of the code governing cities of the first class, it is my opinion that it is appropriate to consider the provisions of this statute in determining matters concerning cities and towns of other classes. See Conner v. Burnett, 216 Ark. 559,226 S.W.2d 984 (1950); Ops. Att'y Gen. Nos. 96-200; 95-367.)
Rather than leaving the subject of firemen's pension systems to be governed by municipalities, the state legislature has explicitly legislated on the subject, creating specific laws by which such systems are to be governed. The statutes governing LOPFI are examples of these laws. See A.C.A. §§ 24-10-101—24-10-619. These laws set forth various means by which (and circumstances under which) firemen's benefits under LOPFI may be increased or supplemented. See, e.g., A.C.A. § 24-10-612. They also create limitations upon the amounts that can be received by the various beneficiaries as a result of such increases. Therefore, the use by a municipality of an extraneous means of increasing or supplementing benefits could be viewed as altering or conflicting with the state pension laws, in violation of state law.
Accordingly, I must conclude that a city cannot supplement the retirement of its firemen who are covered under LOPFI. Accord, Ops. Att'y Gen. Nos.97-196; 97-131; 96-043.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh