The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux
I am writing in response to your request for an opinion on a question involving the City of Russellville's zoning code. As background for your question, you state that according to one of provisions in the code dealing with nonconforming uses, a nonconforming use cannot be expanded or enlarged. You further state:
 The City of Russellville has a number of non-conforming day care facilities located in residential zones. The Planning Commission of the City of Russellville would like to know whether it would be permissible to allow these pre-existing now non-conforming day cares located in residential zones to be able to expand or enlarge in adjoining residential zoned areas but prohibit the establishment of new day cares in the same or similar residential zoned areas without violating federal or state laws.
You then ask:
 Would such a prohibition against new day cares in nonconforming zones be permissible if it allowed the established non-conforming day cares to expand or enlarge without changing the zone of the property?
RESPONSE
I cannot answer this question without more information regarding the authority for allowing the existing nonconforming day cares to expand or enlarge in adjoining residential zoned areas. As a general matter, if the ordinance provides no exception to the prohibition against expanding or enlarging a nonconforming use, it would seem that allowing the nonconforming day cares to expand or enlarge without rezoning would be repugnant to the zoning code. See generally Potocki v. City of FortSmith, 279 Ark. 19, 648 S.W.2d 462 (1983) and Taggart Taggart SeedCo. v. The City of Augusta, 278 Ark. 570, 647 S.W.2d 458 (1983) (a city is bound by its own prior ordinances in adopting a zoning plan); Op. Att'y Gen. 86-331 (variances may not be granted for mobile homes that were classified as nonconforming uses by ordinance and thus by definition constituted a use that could not be permitted as a variance, citing
A.C.A. 14-56-416(b)(2)(B)(i)(b)).
Your question thus appears to contain a faulty premise. Notwithstanding the ordinance's prohibition, your question appears to be premised upon allowing the expansion or enlargement of the nonconforming day care facilities without rezoning. If some particular procedure applies that would allow this action, this procedure and any relevant ordinances would have to be considered in order to address your question regarding a prohibition against new day care facilities. See, e.g., Williams v.Kuehnert, 243 Ark. 746, 421 S.W.2d 896 (1967) (application for expansion of a nonconforming kindergarten upheld under statute providing for requests for variances and ordinance permitting particular uses).
I am therefore unable to answer your question as posed. If I am incorrect in my understanding regarding the impact of the ordinance's prohibition against expanding or enlarging a nonconforming use and you wish to clarify the matter, I will be pleased to address any relevant issues of law upon clarification.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh